WESTERN DIST.
*September*, 1840.

HARMAN
*vs.*
M'LELAND.

## HARMAN *vs.* M'LELAND.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. LANDRY, THE JUDGE OF THE SIXTH PRESIDING.

An action for a divorce, based on abandonment of the husband, cannot be maintained, until a decree of separation of bed and board be rendered two years previous to the application for a divorce, with proof of abandonment for five years.

The admission or confession of the husband, that he lives with another woman, in a foreign country, is insufficient evidence to authorize a divorce and to dissolve for ever the bonds of matrimony.

The mere acknowledgment of the truth of the facts alleged, made by either of the parties, even in an authentic act, can never be deemed sufficient foundation for a decree of separation from bed and board ; *a fortiori*, of a divorce.

This is an action of divorce. The plaintiff, Lydia Harman, alleges, that in 1828, she was lawfully married to the defendant, James W. M'Leland, and that they lived together until 1830, when some time in that year her husband left her and now resides in Texas, where he has intermarried with another woman. She prays for a divorce dissolving the marriage.

There was a curator *ad hoc* appointed to represent the defendant, who pleaded the general issue.

The evidence showed that the parties had not lived together since 1832, and that the defendant resided in Texas, and had been absent from his wife four or five years. A letter of defendant, written from Texas to one of his brothers, in September, 1838, states, that he has a wife in that country, but will not bring her to see his relations, "as her company might not be agreeable to them all."

The judge presiding was of opinion the evidence was insufficient to authorize a divorce, gave judgment dismissing the suit. After an unsuccessful attempt to obtain a new trial, the plaintiff appealed.

*Linton* and *Garrett*, for the plaintiff.

*Morse, contra.*

*Simon J.*, delivered the opinion of the court.

This is a suit for a divorce. The petition only states that defendant, without any cause, has deserted the petitioner, and resides in Texas, where he has intermarried with another woman. A curator *ad hoc* was appointed to represent the absent defendant; issue was joined, and after hearing the evidence, the district judge dismissed the action. From this judgment, plaintiff appealed.

The evidence shows that the defendant has been absent for four or five years in Texas, and that he has not lived with his wife since 1832. Plaintiff produced also a letter of the defendant to his brother, in which he mentions his having a wife in Texas, and in which he says that he will come and spend the summer with his mother, but that he will not bring *his wife* with him, as her company would not be agreeable, &c. &c.

If this action is based on abandonment on the part of the husband, it cannot be maintained. The law requires certain formalities, which must be fulfilled, a decree of separation of bed and board, to be rendered two years previous to the application for a divorce, and the proof of abandonment for the space of five years. *Moreau's Digest, vol.* 1, *page* 412.

*An action for a divorce, based on abandonment of the husband, cannot be maintained, until a decree of separation of bed and board be rendered two years previous to the application for a divorce, with proof of abandonment for five years.*

WESTERN DIST.    If this demand is founded on adultery, we think the evi-
September, 1840. dence is not sufficient to support it; as, even admitting that
                 a charge of adultery in a foreign country, could be made the
ARDEN            basis of an action for a divorce in this state, the only proof
vs.              thereof results from a letter of the defendant, which is used
SOILEAU.
The admission    here as an admission of the fact.   In such serious matters,
or confession of the law requires more than the simple confession of one of
the husband that
he lives with an- the parties to dissolve forever the bonds of matrimony
other woman in
a foreign coun-  between them; facts must be shown, and such facts as will
try, is insuffi-
cient evidence   authorize a court of justice to declare that the interference of
to authorize a
divorce and to   the law is absolutely necessary.   The judgment must be
dissolve forever rendered " en grande connaissance de cause," as Pothier says;
the bonds of ma-
trimony.         and the mere acknowledgment of the truth of the facts

The mere ac-     alleged, made by either of the parties, even in an authentic
knowledgement
of the truth     act, can never be deemed sufficient to be the foundation of a
of the facts al-
leged made by    decree of separation of bed and board, and a fortiori of a
either of the    divorce.   Pothier, Contrat de Marriage, vol. 2, Nos. 517 and
parties, even in
an authentic act 518.   Were it otherwise, it would be easy and perhaps
can never be
deemed suffi-    sometimes convenient for married persons to become separa-
cient foundation ted or divorced by mutual consent, and such doctrine would
for a decree
of separation    be very mischievous in its consequences.   The judge a quo
from bed and
board; a fortion did not err in rejecting the plaintiff's demand.
of a divorce.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed with costs.