PIIGGINS, Justice.
 

 The wife instituted this suit against her husband for a separation from bed and board on the grounds of cruel treatment, for the custody of her two minor daughters, for alimony for herself and the children, and for a partition of the community property. The defendant, in his answer, denied the charges of cruelty. On the trial of the case on the merits, the district judge rendered judgment in favor of the defendant and dismissed the plaintiff’s suit. She appealed.
 

 The record shows that the couple was married on June 11, 1932, in this Sbtte, and that there were born of the union two daughters, one now seven and the other five years of age. They lived happily together until a short time before April 6, 1937, when the wife sought to obtain alimony from her husband through the Juvenile Court of the Parish of Orleans, on the ground that he was not properly maintaining and supporting her and their two children. (This matter, apparently, was not tried because neither an order nor a judgment requiring the defendant to pay alimony was introduced in evidence, although the same was to have been pro
 
 *50
 
 duced.) On July 3, 1940, the plaintiff instituted the present action against her husband alleging that he had been guilty oí -outrages and cruelties which rendered their living together intolerable. Sopie of the ■charges, which extended over the period from August 29, 1937 through June 30, 1940, are: That the defendant dug up rose bushes in plaintiff’s garden while she was .away from home on a shopping trip; that he threw a freshly ironed shirt and a pair of trousers on the floor in her presence; that he remained away from home •one night and did not return until 3:45 •o’clock the following morning; that he loaned a bed, two mattresses and a spring that had been taken from an unused room ■above the garage to his brother; that he spent most of his time in his office over the garage when at home; that he kicked .and injured a pet dog; etc. There were •other instances cited for the purpose of ■showing a continuous effort on the part of the defendant to humiliate, harass, and annoy his wife.
 

 The husband is a United States railway mail clerk earning $2,600 per year (less ■3%% deducted for pension purposes). He has provided his family with an automobile .and owns his own home, which is comfortably furnished, and has a summer camp .at Pass Manchac where they have enjoyed ■outings regularly. The community assets listed in the inventory were appraised at :$12,579.64.
 

 The main evidence before the Court is the husband’s and the wife’s testimony, which is contradictory. The plaintiff testified as to each of the charges made against her husband and the defendant took the stand and denied them and took issue with his wife’s version as to certain alleged occurrences. For example, she claimed that he cursed the children. He denied this and stated that he cursed the dog because it would not stay in the yard and would not let the smaller dog eat its food. The plaintiff’s testimony was supported by a neighbor, who stated that she saw the defendant dig up the rose bushes and plant turnip seed in the flower bed, and that the plaintiff used her telephone (although she had one in her own home) in order to have the Society of Cruelty to Animals send some one to her home to kill a dog which her husband (the defendant) had kicked and broken its ribs and leg, but that she did not see him when he injured the animal.
 

 The plaintiff has been a dutiful wife and a fine mother to her children. Unfortunately, several years ago' she suffered a nervous breakdown and since that time she had been ill on a number of occasions requiring an expenditure of over $1,700 for hospitalization and medical fees. It is apparent that she is easily upset and that, perhaps, her husband has not been as patient and considerate of her as he should have been. The defendant is fond of his children and has given them as much attention as possible. He does not indulge in the use of intoxicating liquors nor stay away from home at night. They live in a fine neighborhood and in an environment conducive to their comfort and happiness.
 

 
 *52
 
 The alleged disagreeable occurrences between the husband and the wife are described by the plaintiff’s counsel in his •brief as “small incidents” and “petty abuses”. Nothing has happened between these parties as far as the record reflects which would justify either of them in losing confidence in or respect for each other. The fact that even though a proceeding had been started in the Juvenile Court and this suit was instituted, the parties have continued to live in the same home shows their mutual dependence upon each other. If both parties would conscientiously reflect upon their serious responsibility and duty as parents in keeping with their concern for the happiness, and wellbeing of their little daughters, and evidence a spirit of forbearance, understanding and devotion toward each .other, the differences which they have allowed to disrupt their domestic lives can be adjusted between them in such a manner as to bring to all those concerned far greater satisfaction and contentment than that which could be gained through legal proceedings.
 

 The law.places upon the plaintiff the burden of proving her case by a preponderance of the evidence and certainly it cannot be said, in view of the facts contained in the record, that she has successfully borne that burden, especially when the trial court dismissed the suit for insufficient evidence.
 

 We find no error in the judgment of the district court and it is, therefore, affirmed; defendant to pay all costs of court.