145 So.2d 123 (1962)
Phillip ELLOIS
v.
Mildred FRANCIS, Wife of Phillip ELLOIS.
No. 761.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Rehearing Denied October 15, 1962.
*124 Sessions, Fishman, Rosenson & Snellings (Jackson P. McNeely), New Orleans, for plaintiff-appellant.
Benjamin E. Loup, New Orleans, for defendant-appellee.
Before McBRIDE, MARTINEZ and RICHARDSON, JJ.
P. DAVIS MARTINEZ, Judge ad hoc.
Plaintiff husband, Phillip Ellois, filed suit for separation from bed and board on the ground of abandonment from his wife, Mildred Francis Ellois, who answered the suit with a general denial and reconvened for a separation from bed and board from her husband on the grounds of cruel and inhuman treatment, alleging that husband used physical violence on her person, and that on September 30, 1960, her husband threatened, without provocation, to break her neck. Plaintiff husband then filed a general denial to wife's reconventional demand and after a trial on the merits the husband's suit was dismissed and judgment was rendered in favor of wife on her reconventional demand. The husband appeals from said adverse judgment.
An examination of the record reveals that the husband and wife were the sole witnesses; that the couple were married in New Roads, Louisiana, on June 14, 1958, and established their matrimonial domicile in New Orleans, Louisiana, whereat it remained until October 2, 1960, at which time both husband and wife testified that the wife left the husband and were never reconciled.
Both the husband and wife admit that during the early part of June, 1960, the husband struck the wife with a pistol during an argument. The husband contends that the wife suffered a bruise while the wife claims to have suffered two bruises, but both admit that the wife required no medical attention.
It is also uncontradicted that husband and wife lived together as man and wife for approximately four months thereafter and even went on a vacation together.
The wife further testified, and the husband denied, that she had been slapped on many occasions and that the husband, on one occasion, had grabbed her by the arm and dragged her to the floor and struck her; that on September 30, 1960, husband without provocation, threatened to break her neck and that she left about October 2, 1960, or four days later.
The Court must first decide whether or not the burden of proof in a suit for a legal separation or divorcea preponderance of the evidenceis sustained by the mere testimony of one spouse, uncorroborated, denied and contradicted by the other spouse. If not, the Court then must decide whether the burden of proof is then sustained by the parties' mere admission of a previously condoned act of cruelty.
A spouse seeking a separation from bed and board or divorce must prove the right to same by a preponderance of the evidence. Aydell v. Aydell, 200 La. 47, 7 So.2d 611.
The mere uncorroborated testimony of one spouse, whether admitted by the other spouse or denied and contradicted by the other spouse, does not constitute a preponderance of the evidence required by law *125 to justify a judgment of separation from bed and board or divorce.
In Harmon v. McLeland, 16 La. 26, the plaintiff filed a suit for divorce on the grounds of adultery alleging husband living in Texas where he intermarried with another woman. A curator ad hoc was appointed to represent the absent defendant; issue was joined. Plaintiff produced a letter from the defendant to his brother in which he mentions having a wife in Texas, and in which he says that he will come and spend the summer with his mother, but that he will not bring his wife with him, as her company will not be agreeable. The Court held:
"In such serious matters, the law requires more than a simple confession of one of the parties to dissolve forever the bonds of matrimony between them; facts must be shown, and such facts as will authorize a court of justice to declare that the interference of the law is absolutely necessary. The judgment must be rendered `en grande connaissance de cause,' as Pothier says; and the mere acknowledgment of the truth of the facts alleged, made by either of the parties, even in an authentic act, can never be deemed sufficient to be the foundation of a decree of separation of bed and board, and a fortiori of a divorce. Pothier, Contrat de Marriage, vol. 2, Nos. 517 and 518. Were it otherwise, it would be easy and perhaps sometimes convenient for married person to become separated or divorced by mutual consent, and such doctrine would be very mischievous in its consequences."
A spouse, in an action for separation from bed and board, or divorce, cannot base a cause of action on acts and transgressions committed prior to reconciliation, but may use such proof only to corroborate proved acts and transgressions, committed since reconciliation, sufficient to give rise to an action for separation or divorce.
In Schoeffner v. Schoeffner, 158 La. 933, 105 So. 18, a wife sued for a separation from bed and board on the grounds of outrages, excesses, abuses and public defamation and further alleged that her husband had also previously committed certain enumerated acts and transgressions but that she and her husband then were reconciled. The Court, in passing on the validity of the husband's exception of estoppel based on the plea that those acts and transgressions alleged to have been committed prior to reconciliation have been condoned stated:
"The question therefore is: To what extent may those acts and transgressions be considered, if at all, in the present case? The Civil Code, in this connection, provides as follows:
"`Art. 152. The action of separation shall be extinguished by the reconciliation of the parties, either after the facts which might have given ground to such action, or after the action had been commenced.
"`Art. 153. In either case the plaintiff shall be precluded from bringing his action; but he shall be at liberty to bring a new suit for causes arising since the reconciliation, and therein make use of the former motives to corroborate his new action.'
"Hence, in our view, plaintiff is precluded from basing her present action on the acts and transgressions committed prior to the reconciliation; but if she has shown acts committed since then, sufficient to give rise to an action for separation, she may use the former acts in corroboration. See, in addition to the articles of the Code cited, Cass v. Cass, 34 La.Ann. 611; Jolly v. Weber, 36 La.Ann. 676; O'Grady v. Larking, 48 La.Ann. 853, 19 So. 740; and Hill v. Hill, 112 La. 770. 36 So. 678."
*126 Our conclusion is that the husband failed to prove his case on the grounds of abandonment and that the wife likewise failed to prove her case on the grounds of cruelty.
For the reasons assigned, it is ordered that the judgment appealed from insofar as same is in favor of wife is reversed and it is now ordered and decreed that the wife's reconventional demand be dismissed at appellant's cost.