AYRES, Judge.
This is an action for a separation “a mensa et thoro” based upon abandonment. Plaintiff’s demands were rejected in a proceeding wherein a confirmation of a default was sought. From the judgment thus rendered, plaintiff prosecutes this appeal.
The basis of the judgment is that the proof failed to establish that defendant abandoned plaintiff. The action was predicated upon LSA-Civil Code Art. 138, which provides that
“Separation from bed and board may be claimed reciprocally for the following causes: * * *
“5. Of the abandonment of the husband by his wife or the wife by her husband; * *
*217 The only witnesses testifying’ were plaintiff and one Betty Jean Holmes, both of whom live at the same street address, the address at which plaintiff and defendant formerly lived together as man and wife. That plaintiff and defendant were not living together as man and wife and had not so lived together since their separation •on January 18, 1963, constitutes the sum and substance of the testimony of Betty Jean Holmes. Absent from her testimony is any showing as to the cause of plaintiff’s and defendant’s separation or that defendant had abandoned plaintiff. Plaintiff testified that she and defendant were married January 1, 1960, after which they lived together as man and wife at 1763 Ashton Street, in the City of Shreveport, until the •date of their separation, when he left, and since when he has not returned. The reason assigned for their separation was that they could not get along together — that they “fought all the time” — and “so he left.” No fight or disturbance, however, was engaged in the night of his departure. Plaintiff testified that after talking the matter over an agreement was reached that he leave.
The court concluded, from the aforesaid testimony, that defendant’s act in leaving did not constitute an abandonment within the intent and purpose of the provisions of the aforesaid codal article, nor of those of Art. 143, which provide:
“Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the manner hereafter directed; * *
There is no showing here that defendant withdrew himself from the common dwelling without a lawful cause albeit the record establishes, through plaintiff’s own testimony, that the separation was, as heretofore stated, in accord with an agreement between her and her husband. Obviously, such an agreement does not constitute an abandonment as would constitute a basis or ground for a judicial separation.
Moreover, a spouse seeking a separation from bed and board or divorce must prove the right to same by a preponderance of the evidence. Ay dell v. Aydell, 200 La. 47, 7 So.2d 611.
The mere uncontradicted testimony of one spouse, whether admitted or denied and contradicted by the other, does not constitute a preponderance of the evidence required by law to justify a judgment of separation from bed and board. Ellois v. Ellois, La.App. 4th Cir., 1962, 145 So.2d 123.
With respect to the insufficiency of such proof to support a judgment of separation or divorce, the court, in Harman v. McLe-land, 16 La. 26, very appropriately emphasized :
“In such serious matters, the law requires more than the simple confession of one of the parties to dissolve forever the bonds of matrimony between them; facts must be shown, and such facts as will authorize a court of justice to declare that the interference of the law is absolutely necessary. The judgment must be rendered ‘en grande connais-sance de cause,’ as Pothier says; and the mere acknowledgment of the truth of the facts alleged, made by either of the parties, even in an authentic act, can never be deemed sufficient to be the foundation of a decree of separation of bed and board, and a fortiori of a divorce. Pothier, Contrat de Marriage, vol. 2, Nos. 517 and 518. Were it otherwise, it would be easy and perhaps sometimes convenient for married persons to become separated or divorced by mutual consent, and such doctrine would be very mischievous in its consequences.”
In support of her demands, plaintiff cites Armentor v. Gondron, 184 La. 922, 168 So, *218 102; Latham v. Latham, 216 La. 791, 44 So.2d 870.
The pronouncements in these cases are inappropriate to the facts of the instant case wherein the proof, as pointed out, is insufficient to establish that defendant has withdrawn himself from the common dwelling without a lawful cause or that he has constantly refused to live with plaintiff.
The judgment appealed is, accordingly, affirmed at plaintiff-appellant’s cost.
Affirmed.