PRICE, Judge.
This action arises out of a two-car collision happening on Interstate Highway 20 in Webster Parish, Louisiana, in the early morning hours of January 2, 1967. Involv *613 ed in the accident were a 1960 Ford automobile owned and driven by the plaintiff, David S. Wells, and a 1964 Chevrolet driven by James E. Wright, whose liability insurance carrier was State Farm Mutual Automobile Insurance Company. Both of the vehicles involved were being driven in an easterly direction on Interstate 20 in the vicinity of the Sibley Road Interchange just south of the corporate limits of Min-den, Louisiana. In the area of this accident Interstate 20 is a four-lane, divided highway with a wide median separating the dual lanes of east and westbound traffic.
Plaintiff alleges in his petition that he was traveling in the outside or south lane of traffic of Interstate 20, with the lights on his vehicle burning, at a speed of between 60 and 70 miles per hour when he observed the headlights of a vehicle approaching him from the east in one of the lanes reserved for eastbound traffic. He further alleged that he gradually began to slow his vehicle and to “pump” his own lights on and off to warn the other driver that he was in the wrong lane of traffic. Plaintiff further alleged that he lowered the window of his vehicle and as the other' driver passed his vehicle in the northerly lane for eastbound traffic he yelled a warning to the driver of the approaching vehicle. Plaintiff further alleged that the vehicle driven by James E. Wright had been following his vehicle at a distance of two or three hundred feet with its lights burning, and that this vehicle attempted to pass his vehicle on the left at about the same time that the unknown vehicle was approaching plaintiff in the wrong traffic lane. It is further alleged that the Wright vehicle failed to heed the warning of the danger being given by plaintiff by cutting his lights on and off and moved into the passing lane in the path of the unknown vehicle. Plaintiff alleges that the Wright vehicle, in attempting to avoid a collision with the unknown vehicle, cut back into the right lane and struck the rear of plaintiff’s car, which had slowed to a speed of approximately 20 miles per hour. It is alleged that the unknown vehicle was a pickup truck being driven by a person who did not stop and whose identity is unknown.
Plaintiff brought suit against Mr. Wright and his liability insurer for personal injuries and property damages resulting from this collision.
Defendants, in answer to plaintiff’s petition, deny that Mr. Wright was guilty of any negligence which was the cause of this accident, and allege, that the accident was caused solely by the joint or combined negligence of the driver of the unknown vehicle in driving his vehicle in the wrong lane of traffic for vehicles proceeding westerly on U.S. Highway 1-20, and the negligence of the plaintiff in operating his vehicle without proper tail lights, and in slowing his vehicle to a stop in the traveled lane of the highway without giving proper warning. Contributory negligence is plead in the alternative, based on the same acts of negligence on the part of the plaintiff, David S. Wells. After a trial on the merits, the district court, in its written reasons for judgment, found that the accident resulted solely from the negligence of the driver of the unidentified vehicle in proceeding westerly in the two lanes of traffic of the highway reserved for eastbound traffic and rejected the plaintiff’s demands at his cost.
The plaintiff has perfected this devolu-tive appeal, assigning as error the failure of the trial court to find any negligence on the part of James E. Wright in not keeping a proper lookout; failing to retard the speed of his automobile sufficiently to avoid colliding with the rear of the plaintiff’s vehicle, and in failing to take proper evasive action when he saw, or should have seen, the plaintiff’s car to have avoided colliding therewith.
The issues presented on appeal are purely factual in nature and the resolution of these issues by the trial court should not be disturbed unless we find manifest error.
*614 The trial court heard the testimony of the plaintiff, his minor son, who was a passenger in the automobile, the defendant, and the investigating officer, Lt. Wimberly of the State Police.
Although the evidence is somewhat conflicting as to the actual point of impact, we believe that the evidence fairly establishes that the accident happened just to the east of the access ramp of Louisiana Highway 7 to Interstate 20. There is a raised concrete divider that separates the southernmost lane of 1-20 from this access ramp and just beyond the point where the ramp merges with 1-20, there is a steep embankment with an approximate drop of 20 feet on the south side of Interstate 20. A short distance to the west of this location there is an overpass which causes a change in elevation in the surface of the highway. Defendant testified that he was traveling in the northernmost lane of the eastbound traffic, and after crossing the elevation in the vicinity of the overpass, he saw headlights approaching him in his lane of traffic. He further testified that it was necessary for him to pull immediately into the right-hand lane to avoid colliding with the oncoming vehicle and only after beginning his movement into the right-hand lane did he see the vehicle being driven by the plaintiff, which was apparently stopped in this lane. He testified that his headlights reflected on the tail lights of the plaintiff’s car and that he had not previously seen any lights displayed on this vehicle. Defendant also testified that he immediately applied his brakes and skidded some 100 feet before colliding with the rear end of the other vehicle.
The testimony of the plaintiff varied somewhat from the allegations contained in his petition filed in this action. He testified at the time of trial that he had never seen the automobile being driven by defendant prior to its striking the rear of his vehicle. In his petition it is to be noted that he alleged that this vehicle had followed him in his lane-of traffic for some distance. The testimony of the investigating officer established that a double set of skidmarks commenced approximately 100 feet west of the point of impact. It was his opinion that one set of these skidmarks resulted from the Wells car and the other set from the Wright car.
It is apparent from the evidence that the plaintiff observed the oncoming car from about the same point of the highway that the defendant was able to observe the same situation. It is also apparent that plaintiff reacted as a normal driver and applied his brakes, causing the skidmarks to result therefrom. The physical evidence also corroborates the defendant’s testimony that he was in the left lane proceeding within the speed limit of 70 miles per hour when he was suddenly confronted with the approaching vehicle in his lane. He also reacted as a reasonable driver in cutting to the right to avoid the head-on collision.
Although plaintiff contends that had Wright been maintaining a proper lookout he would have seen the perilous situation confronting him at a sufficient time to have slowed his vehicle and have avoided striking the plaintiff’s car, we do not believe that the evidence warrants this conclusion. Because of the presence of the overpass in this proximity, the range of vision of the eastbound traffic was limited.
The plaintiff also contends that the defendant did not take the proper evasive action upon sighting the plaintiff’s vehicle. Plaintiff sought to prove that the Wright vehicle could have proceeded on to the right shoulder of the highway and avoided striking his car. There is some question as to whether the point of impact was adjacent to the concrete divider separating the access ramp or just east of this point alongside the steep embankment previously described herein. In any event, we believe the sudden emergency doctrine was appropriately applied to this situation, which exonerates defendant, Wright from any negligence in not choosing the best course of action. The cases are legion in holding that one who suddenly finds himself in
*615 a position of peril is not required to exercise such control or degree of care as is required of a motorist who has ample opportunity for full exercise of judgment and reason. Dane v. Canal Ins. Co., 240 La. 1038, 126 So.2d 355 (1960); Martin v. Cazedessus, 15 La.App. 100, 130 So. 129 (1st Cir., 1930).
We can find no manifest error in the finding of the trial court that each of these drivers were confronted with the same emergency and that each reacted in the normal manner of a reasonable driver under the same circumstances, and that the accident happened solely from the negligence of the unknown driver of the unidentified vehicle.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.