PRICE, Judge.
This is an action in tort arising out of a two-car collision at the intersection of Fairfield Avenue and St. Vincent Avenue in the City of Shreveport. Amanda Coleman was traveling easterly on St. Vincent Avenue between 6:00 and 6:30 o’clock in the morning on January 24, 1968. She proceeded to cross Fairfield Avenue, intending to continue in an easterly direction on Kings Highway, which intersects Fairfield on the east at a point almost directly opposite the intersection of St. Vincent. As she entered the intersection her automobile collided with a 1963 Oldsmobile traveling south on Fairfield Avenue, driven by Lucille Brook. Although each driver charges the other with various acts of negligence, the essential question before the court is which automobile entered the intersection on a green light.
Made defendants in this action are Mrs. Brook, her husband, I. J. Brook, and their public liability carrier, The Fidelity and Casualty Company of New York.
The intersection involved in this litigation is a five-way intersection. Fairfield Avenue runs north and south. St. Vincent intersects Fairfield from the southwest at an angle of approximately 45 degrees and terminates at this point. Kings Highway intersects at right angles on the east side of Fairfield across from the St. Vincent intersection on the west. Kings Highway continues westerly on the west side of Fair-field after jogging some 50 to 60 feet to the north. Traffic is routed through this intersection by use of concrete islands. Electric traffic signals control the movement of traffic on all intersecting streets. A signal light is situated on the end of the island facing traffic approaching the in *263 tersection from a northerly direction on Fairfield (Brook automobile). Another signal is situated on an island facing traffic entering from St. Vincent on the southwest and another facing Kings Highway on the east of Fairfield. These signals are designed to allow the flow of traffic on Fairfield while holding traffic on St. Vincent and Kings Highway. An automobile traveling through the intersection on Fair-field Avenue from north to south must traverse a distance of approximately 150 feet from the time it first enters the intersection to the point where St. Vincent intersects Fairfield.
Each of the drivers testified that they entered the intersection on a green signal light. No passengers were in either vehicle at the time of the accident. Plaintiff sought to corroborate her own testimony by the testimony of two persons who were allegedly traveling west on Kings Highway and who entered the intersection from the opposite direction just prior to the collision. These individuals testified they entered on a green light and the Brook car almost hit them. They further testified they knew Amanda Coleman and recognized her as they looked back and saw her car collide with the Brook vehicle. They did not stop at the scene to declare themselves witnesses nor to render aid or assistance to their acquaintance, Amanda Coleman. Under cross-examination they each testified the signal light changed from red to caution to green as they approached it. The city traffic engineer was called as a witness and testified the signal lights do not change from red to caution to green. The only time the caution light appears is prior to the signal changing to red.
On the basis of this evidence the trial court rejected the demands of plaintiff at her costs.
Plaintiff perfected this devolutive appeal assigning as error the failure of the trial judge to find that the sole proximate cause of the accident was the negligence of Lucille Brook.
This is solely a factual matter and it is well settled in the jurisprudence of this State that the finding of the trial judge on questions of fact should not be disturbed unless manifestly erroneous. This is particularly true in weighing the credibility of witnesses. Orlando v. Polito, 228 La. 846, 84 So.2d 433.
The testimony of plaintiff’s corroborating witnesses was sufficiently contradictory and their actions at the time of the accident were so unrealistic that we find no error in the trial court finding this testimony unworthy of belief. Disregarding the testimony of these witnesses, the plaintiff did not produce sufficient evidence to prove her demands.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.