DOMENGEAUX, Judge
(dissenting).
I respectfully dissent. It appears to me that the majority holds Cross to a degree of care and control over and above that which is required under the facts of this case. I am satisfied, as was the trial judge, that the appearance on the scene of the unidentified Oldsmobile was of such suddenness and was characterized by such speed and recklessness that Cross did not have sufficient time to think out the situation. He did what appeared to him to be the best course to follow, and that was to veer to his right in order to avoid the oncoming vehicle even though he knew that the Morrison vehicle was parked as it was. It was either that or suffer a headon collision with the approaching culprit.
The evidence indicates to me that Cross had only a few seconds to act when he was confronted with this abnormal situation and that he behaved as a reasonably prudent man would have when confronted with such a predicament. The facts of this case typify, in my opinion, the sudden emergency doctrine, which states that an otherwise negligent act is held excusable on the ground that the actor was confronted with a sudden emergency created solely by the negligence of others, and any misjudgment may be excused if consistent with the ordinary prudence of a reasonable man suddenly confronted with like circumstances. Ward v. Aucoin, La.App., 222 So. 2d 628; Odom v. Texas Farm Products Co., *331 La.App., 229 So.2d 118; Ashford v. Richards, La.App., 228 So.2d 530; Wells v. Wright, La.App., 221 So.2d 612. I suggest that the sudden emergency doctrine was appropriately applied to this situation and that it exonerates the defendant Cross from any negligence with which he may otherwise have been charged under other circumstances. The cases are legion in holding that one who suddenly finds himself in a position of peril is not required to exercise such control nor held to the degree of care that is required of a motorist who has ample opportunity for the full exercise of judgment and reason. Dane v. Canal Ins. Co., 240 La. 1038, 126 So.2d 355; Martin v. Cazedessus, 15 La.App. 100, 130 So. 129. We should not split hairs in order to determine what was reasonable for Cross under the circumstances. The oncoming vehicle, according to the uncontradicted testimony of the defendant and Deputy Dunn, was apparently out of control, fishtailed in the street, slid sideways toward defendant in his lane of travel, straightened out and accelerated toward defendant in his lane of travel, and finally returned to the proper lane and sped past defendant. Under these facts, how can we state with certainty the precise moment that Cross should have stopped or veered to his right, or taken any other action which one having the benefit of sufficient time for proper reflection should have taken.
I suggest that the majority is in error in finding manifest error in the conclusion of the trial judge that the defendant Cross was confronted with a sudden emergency. It is apparent to me that this accident occurred solely because of the negligence .of the driver of the unidentified vehiele and that Cross was entitled to the benefit of the sudden emergency rule.
Rehearing denied.
DOMENGEAUX, J., votes for rehearing.