BLANCHE, Judge.
Plaintiff-appellee, William A. Meyerer, filed suit for a separation from bed and board against his wife, Joan Dibenedetto Meyerer> defendant-appellant, on the grounds of cruelty. Defendant answered, denying any alleged acts of cruelty on her part, and reconvened for a separation based on abandonment of her without just cause. After trial The Family Court judge found that the parties were mutually at fault and dismissed both plaintiff’s petition and defendant’s reconventional demand. From the judgment dismissing her reconventional demand, the defendant perfected this appeal. Plaintiff neither appealed nor answered the appeal.
The principal assignment of error is the finding by the trial judge that the defendant was guilty of fault and, accordingly, denying her separation on the grounds of abandonment.
The parties had been married for approximately twenty years and had separated on one prior occasion in June of 1968. After a period of some four months, a reconciliation took place and the parties lived together until plaintiff left the matrimonial domicile on May 18, 1970. Both plaintiff and defendant admitted physical attacks on the other and constant arguments which they each claimed the other provoked. The trial judge summed up their conduct after their reconciliation in 1968 with these observations:
“ * * * They went back together and all was legally condoned by this subsequent living together and the reconciliation; but their fights and their fusses and their violence and their airing of their difficulties to the detriment of their children and to the ruination of their home continued to take place, I take it from the evidence, with regularity up until he finally left on May 18, 1970. He alleges that she was guilty of mental cruelty toward him. I think that each was guilty of mental cruelty toward the other and physical violence. They *368 fought, it seems to me, more or less constantly. It was an unhappy, tragically sad, noncommunicative union of two people * * *. I believe that each was cruel to the other. I think she was overly concerned with his business appointments and the hours, of necessity I take it, he kept. He probably enlarged upon them and stayed out longer and later than he should have. And I think it was cruel of him not to account to her where he was. But I think when she was keeping book on his arrivals and nagging at him, I think that made life pretty much insupportable for both of them * * *.” (Oral Reasons for Judgment, Record, pp. 34, 35)
However, the foregoing findings were based entirely on the testimony of the parties and were otherwise uncorroborated. Under the circumstances it is impossible for us to determine from the record which party is at fault. On one occasion defendant’s brother was called to the matrimonial domicile by plaintiff and testified that he calmed down a fight that was in progress, which is only corroborative of what was already admitted, i. e., that on occasions the parties fought with each other.
The case is governed by two principles of law which were set forth in the case of Ellois v. Ellois, 145 So.2d 123 (La.App. 4th Cir. 1962):
(1) ‘ A spouse seeking a separation from bed and board or divorce must prove the right to same by a preponderance of the evidence. Aydell v. Aydell, 200 La. 47, 7 So.2d 611.” (Ellois v. Ellois, 145 So.2d 123, 124)
(2) “The mere uncorroborated testimony of one spouse, whether admitted by the other spouse or denied and contradicted by the other spouse, does not constitute a preponderance of the evidence required by law to justify a judgment of separation from bed and board or divorce.” (Ellois v. Ellois, 145 So.2d 123, 124-125)
Likewise, in Diaz v. Breaux, d/b/a Breaux Dragline Matt Company, 252 So.2d 697 (La.App. 1st Cir. 1971) we recently said:
“We recognize the rule that when the unsupported testimony of plaintiff is contradicted by the testimony of the defendant, the credibility of neither is attacked, and there is no corroborating evidence or circumstances, then the plaintiff is held not to have made out his case. Anthony v. State Farm Mutual Insurance Company, 227 So.2d 180 (La. App. 2nd Cir. 1969), Walker v. Walker, 159 So.2d 344 (La.App. 2nd Cir. 1963), LaFleur v. White System, Inc., 235 So. 2d 141 (La.App. 4th Cir. 1970).” (Diaz v. Breaux, supra)
Thus, we conclude that the trial judge was in error in finding the parties guilty of mutual fault. However, the judgment should be affirmed for the reason that neither party proved his case against the other.
For the above and foregoing reasons, the judgment is affirmed at the cost of defendant-appellant.
Affirmed.