279 So.2d 208 (1973)
Quinton D. BARRON, Plaintiff-Appellant,
v.
Geneva Brewer BARRON, Defendant-Appellee.
No. 12100.
Court of Appeal of Louisiana, Second Circuit.
May 30, 1973.
George T. Anderson, Jr., Shreveport, for plaintiff-appellant.
Gallagher & Gallagher by Andrew B. Gallagher, Shreveport, for defendant-appellee.
Before BOLIN, PRICE and HEARD, JJ.
HEARD, Judge.
This action for a separation on grounds of cruel treatment, was initiated on July 20, 1971, by Quinton D. Barron. Mrs. Barron answered with a general denial and reconvened for a separation based upon abandonment. A judgment of separation, a mensa et thoro, was rendered in favor of Mrs. Barron as plaintiff in reconvention against Mr. Barron.
Mr. and Mrs. Barron were married, each for the second time, on September 26, 1969, and later established their matrimonial domicile in Shreveport. They separated June 19, 1971, when Barron left their home.
Plaintiff alleged that throughout the marriage his wife constantly accused him of *209 having affairs with other women, especially his ex-wife, and having girl friends which caused him great mental anguish, and that following such accusations, she would refuse to speak to him for a day or two once or twice a week. He further alleged he greatly curtailed his recreational activities to allay his wife's suspicions, but to no avail. Because her alleged extreme, unreasonable jealousy and unfounded accusations were intolerable, plaintiff wrote his wife a note and had it delivered by one of his employees, advising her that he was leaving for good.
On appeal, plaintiff now claims it was error to ignore his uncontradicted and corroborated testimony as to his wife's actions and award her a separation on the basis of abandonment. We find no merit in this claim for the following reasons:
The applicable rule as to uncontradicted testimony in this kind of case was stated by this court in Mason v. Mason, 155 So.2d 216 (La.App., 2d Cir. 1963) as follows:
"Moreover, a spouse seeking a separation from bed and board or divorce must prove the right to same by a preponderance of the evidence. Aydell v. Aydell, 200 La. 47, 7 So.2d 611. (1942).
"The mere uncontradicted testimony of one spouse, whether admitted or denied and contradicted by the other, does not constitute a preponderance of the evidence required by law to justify a judgment of separation from bed and board. Ellois v. Ellois, 145 So.2d 123 (La.App. 4th Cir. 1962).
"With respect to the insufficiency of such proof to support a judgment of separation or divorce, the court, in Harman v. McLeland, 16 La. 26, very appropriately emphasized:
`In such serious matters, the law requires more than the simple confession of one of the parties to dissolve forever the bonds of matrimony between them; facts must be shown, and such facts as will authorize a court of justice to declare that the interference of the law is absolutely necessary. The judgment must be rendered "en grande connaissance de cause," as Pothier says; and the mere acknowledgment of the truth of the facts alleged, made by either of the parties, even in an authentic act, can never be deemed sufficient to be the foundation of a decree of separation of bed and board, and a fortiori of a divorce. Pothier, Contrat de Marriage, vol. 2, Nos. 517 and 518. Were it otherwise, it would be easy and perhaps sometimes convenient for married persons to become separated or divorced by mutual consent, and such doctrine would be very mischievous in its consequences.'"

[155 So.2d 216, 217]
It was, therefore, not error on the part of the trial court to discount plaintiff's testimony.
Plaintiff correctly states that cruel treatment as a basis for divorce under LSA-C.C. Art. 138(3) under the jurisprudence of this state is not confined to physical mistreatment, abuse or injury, but can, likewise, result from mental harassment alone, arising from conduct that is the very refinement of cruelty, without either force or blows. Moore v. Moore, 192 La. 289, 187 So. 670 (1939). We find, however, defendant's alleged acts of such conduct insufficient to sustain a judgment of separation on this basis. The cases cited by plaintiff evidence the type of acts for which separations were granted, and defendant's alleged acts are not comparable or serious enough.
On the other hand, defendant has successfully proven she was abandoned by plaintiff. As defendant's alleged actions do not constitute cruelty, plaintiff's leaving the matrimonial domicile was without lawful cause. Barron further testified he was asked to return on several occasions and refused to do so. LSA-C.C. Arts. *210 138(5), 143 and Belou v. Belou, 231 So.2d 580 (La.App., 4th Cir. 1970). Under these facts the trial judge correctly granted defendant a separation dismissing plaintiff's suit.
Therefore, the judgment of the trial court is affirmed at plaintiff-appellant's cost.