296 So.2d 470 (1974)
Mrs. Marsha Swofford JOHNSON, Plaintiff-Appellant,
v.
John James ("Ned") JOHNSON, Jr., Defendant-Appellee.
No. 12328.
Court of Appeal of Louisiana, Second Circuit.
May 28, 1974.
Rehearing Denied July 1, 1974.
Writ Refused September 20, 1974.
Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellant.
Charles B. Bice, Winnfield, for defendant-appellee.
Before AYRES, BOLIN and WILLIAMS, JJ.
*471 AYRES, Judge.
This is an action by a wife against her husband for a separation a mensa et thoro based upon alleged cruel and inhuman treatment of such a nature and character that their continued living together as man and wife is impossible and insupportable. Charged against the defendant are acts of physical and verbal violence, threats and abuse, as well as other acts of contemptuous treatment, all of which were categorically denied by the defendant.
The court concluded that the plaintiff failed to establish the basis of her demands by a preponderance of evidence. Her demands were accordingly rejected, and she appealed to this court.
From the record, we are informed plaintiff and defendant were married on June 30, 1971, in Las Vegas, Nevada. Thereafter, their matrimonial domicile was established at Winnfield, Louisiana, where they lived in a hotel owned by the defendant. The defendant provided his wife with virtually an unlimited expense account, as well as a luxurious automobile for her pleasure. No complaint is made with respect to the material benefits which were generously supplied. Plaintiff, however, blames the marital discord which developed between them on in-laws, defendant's mother and his children of former marriages.
On trial, Mrs. Johnson testified to three separate instances when her husband slapped her. The last occurrence was on July 30, 1973, at which time she claims to have been slapped three times. As a result, plaintiff complained of bruises on her face and chest, as well as a blow to her stomach. The blow, she said, caused her to come in contact with some object, the striking of which bruised her left leg.
Mrs. Johnson was the only witness testifying with reference to the actual occurrence of the aforesaid episodes of cruelty. However, an attorney of Winnfield and plaintiff's counsel of record testified as to bruises seen on Mrs. Johnson. The former testified to a bruise on her shoulder, but was not informed of its cause. Her counsel testified to bruises on plaintiff's chest and thigh.
Johnson, as a witness, denied his wife's statements as to cruel and inhuman treatment and contended he did all within his power to provide her with all material comforts and luxuries. He was not shown to be a man of a violent or "drinking" disposition.
In a written opinion, the learned judge of the trial court pointed out:
"Plaintiff admitted that defendant left on a business trip during the first part of the week of July 30, 1973, and that she was to meet him in New Orleans at the end of the week. Plaintiff alleges her separation occurred on August 3, 1973, at which time her husband was not at home. This suit was filed on August 4, 1973.
"Plaintiff is required to prove her case by a preponderance of the evidence. This plaintiff has failed to do. In weighing the testimony of plaintiff, the Court feels that had the incident of July 30 actually occurred as she described, there would have been no doubt in her mind or defendant's mind that a separation was going to occur then and there. She admits that she and her husband were to meet in New Orleans the following weekend and that her husband left on a business trip after the alleged incident of July 30, 1973. Therefore, the Court concludes that plaintiff has failed to establish her case by a preponderance of the evidence."
The general rule is that, in separation cases as in all other civil matters, the burden of proof is upon the plaintiff to support his or her demands by a reasonable preponderance of evidence. Aydell v. Aydell, 200 La. 47, 7 So.2d 611 (1942); Ellois v. Ellois, 145 So.2d 123 (La.App., 4th Cir., 1962).
*472 Moreover, the findings of fact of a trial judge are not to be disturbed on appeal unless the appellate court finds the trial court committed manifest error in his conclusions concerning the facts. Olivier v. Abunza, 226 La. 456, 76 So.2d 528 (1954); Coleman v. Brook, 227 So.2d 262 (La.App., 2d Cir., 1969); Wells v. Wright, 221 So.2d 612 (La.App., 2d Cir., 1969).
This court in Walker v. Walker, 159 So.2d 344, 346 (La.App., 1963), recognized and applied the rule that:
"Where the unsupported testimony of a party having the burden of establishing a particular fact is contradicted by the testimony of the other party and the credibility of neither is attacked, in the absence of corroborating evidence or circumstances, it cannot be said that the party having the burden of proof has sustained that burden. Peters v. Great Atlantic & Pacific Tea Co., La.App. 2d Cir., 1954, 72 So.2d 562; Winford v. Wilson, La.App. 2d Cir., 1952, 59 So.2d 498."
In Ellois v. Ellois, supra, it was likewise held the mere uncorroborated testimony of one spouse contradicted by the other does not constitute a preponderance of the evidence required to justify a judgment of separation from bed and board or divorce.
Upon review of the record in the instant case, we not only fail to find any error in the judgment appealed but find that it is amply supported by the evidence adduced on the trial.
The judgment appealed is accordingly affirmed at plaintiff-appellant's costs.
Affirmed.