GULOTTA, Judge.
Defendant-husband appeals from a judgment granting his wife a separation from bed and board based on cruel treatment. We affirm.
Appellant seeks a reversal on three grounds: 1) that the uncorroborated testimony of the wife that defendant struck her on May 18, 1975, the day before the actual separation of the parties, does not constitute a preponderance of evidence to support the judgment in favor of the wife; 2) that (assuming arguendo, the evidence establishes an act of cruelty) a single, isolated instance of cruelty does not constitute sufficient basis for the judgment; and, 3) that the wife was also at fault, and, consequently, this mutual fault on the part of the spouses will not support a judgment in favor of either party.
The wife stated that the husband, without cause or provocation, choked and punched her about the face and made a threat on her life on the evening of May 18, 1975. This violence, she testified, was the result of an argument that had ensued that evening when she informed her husband that their oldest son was accepting employment with one of the husband’s business competitors. The next morning the wife left the family home and has lived separate and apart from her husband since that time.
Because no one witnessed the incident, the husband contends that the wife’s testimony as to this act of cruelty is uncorroborated and, therefore, insufficient to satisfy the burden of proof. We have no quarrel with the cases cited by defendant[1] which state that uncorroborated testimony of one spouse does not constitute a preponderance of the evidence required for a separation from bed and board. However, the cited cases are inapposite. In our case, in addition to her testimony regarding the incident, the wife introduced pictures of herself .which were taken five days after the occurrence. These photographs show bruises on her face. Furthermore, three witnesses testified that they had seen the wife prior to the night in question at which time they observed no facial injuries. They further testified, however, that they had also seen her following the incident at which time they observed cuts and bruises about the face. One of these witnesses, a teenage son of the litigants, testified that he returned home on the evening of the incident, and that his mother “sounded upset” and “didn’t talk right”. On the following morning, the son noticed that his mother’s face was swollen. The husband admitted that an argument had taken place on May 18 but denied striking plaintiff. Considering this evidence, we cannot say that the wife’s testimony was uncorroborated.
Defendant’s second contention, that this single act of cruelty will not support the judgment of separation, is also without merit. The husband conceded that he and his wife had been arguing for a period in excess of three months prior to the incident on May 18. Plaintiff’s mother testified that *959 her daughter was “crying over the telephone all the time” and that defendant was “angry all the time” because the oldest son would not work with him. The wife stated that her husband had made threats to physically harm her and the children, and that she developed a nervous stomach condition as a result of the bickering. Furthermore, she testified that on a previous occasion, eleven years before the incident, her husband had beaten her and that consequently they had separated for a short time. We conclude, under the circumstances, that the judgment of separation is not based solely on the one incident, but rather on a totality of marital discord beginning more than three months before the May 18 incident.
Finally, we conclude defendant’s third contention is equally unfounded. Other than the husband’s unsupported statement that he believed his wife had turned the children “against” him, no substantial evidence was offered to show fault on the part of the wife. The doctrine of mutual fault is inapplicable in this case.
The judgment is affirmed.

AFFIRMED.

. Ellois v. Ellois, 145 So.2d 123 (La.App. 4th Cir. 1962); Barron v. Barron, 279 So.2d 208 (La.App. 2d Cir. 1973); Johnson v. Johnson, 296 So.2d 470 (La.App. 2d Cir. 1974), writ refused, 300 So.2d 183 (La. 1974).