GULOTTA, Judge.
Defendant-husband appeals from a judgment granting his wife a separation from bed and board based on cruel treatment. We affirm.
According to the husband, the trial court erred in: 1) granting a separation judgment in the wife’s favor without finding fault on his part and in failing to specify the particular grounds for the separation; 2) finding the wife’s “uncorroborated” testimony sufficient to support the judgment; and 3) admitting or excluding certain evidence.
GROUNDS FOR SEPARATION
The wife sued for a separation based on cruel treatment, and the husband reconvened for separation in his favor on the same grounds. After trial on the fault issue, the trial judge, in oral reasons, found the wife “to be frée of substantial fault”, and dismissed the husband’s reconventional demand. A judgment of separation in favor of the wife was rendered.
We reject the husband’s contention that the trial judge denied him due process by failing to find either party at fault and to state the particular grounds for the judgment of separation.
It is clear from the pleadings and the transcript that cruel treatment was at issue in this separation suit and was the sole basis for the judgment in favor of the wife. Evidence on this fault issue consisted of conflicting testimony of the spouses’ ill treatment of each other by verbal and physical abuse, failure to communicate, and other acts of hostility. Under these circumstances, the husband’s argument that the judgment fails to specify the grounds for granting the separation simply ignores the obvious posture of the entire litigation.
Although there was some testimony concerning the wife’s discovery of the husband with another woman under suspicious circumstances, it is clear from the petition and the entire context of the trial that this evidence was not adduced as proof of the husband’s adultery, per se, but as a circumstance leading to the spouses’ last altercation.
Similarly, we find no error in the wording of the trial judge’s comments at the end of the trial. In finding the wife “free of substantial fault” and dismissing the husband’s reconventional demand, the judge implicitly concluded that the husband had been solely at fault for the breakup of the marriage. To interpret the judge’s comments as a finding of mutual fault or as an exoneration of the husband would distort the obvious intent of the judgment in favor of the wife and the dismissal of the husband’s reconventional demand. Accordingly, we find no error.
SUFFICIENCY OF EVIDENCE
The husband further argues that the wife’s testimony of his physical or emotional mistreatment of her was uncorroborated.
In addition to testifying that her husband had repeatedly stated he did not want to be married, had asked her to leave the marital domicile, and had failed to communicate and confide in her, the wife related that she *69 had suffered two physical beatings by her husband.
Mrs. Kopera’s testimony concerning a beating in February, 1980, was corroborated by her father to the extent that he observed bruises on her arm. Other supporting evidence is a February 25, 1982, hospital record indicating multiple contusions and a history of beating by the husband on the previous day.
Mrs. Ropera further related an incident in the early morning hours of May 19, 1982, when she found her husband with another woman in the downstairs apartment of their marital home. According to the wife, her husband thereafter became angry and beat her, inflicting bruises on her eye, arm, and back.
The wife’s father further testified that his daughter had telephoned in a “panic” in the early morning hours of May 19. Upon arriving at the marital home shortly afterward, he found the husband to be “incoherent” and having a “difficult time keeping his composure.” Although this witness had never seen his daughter physically abused by the husband, he related that she was “very upset” by the incident.
On the other hand, the husband denied physically abusing his wife. Ropera testified that the bruises on his wife’s arms in February, 1982 resulted from his attempts to hold her down while she was “wildly swinging her arms ... the whole time screaming and ranting.” He further testified that her bruises from the May, 1982 incident were caused by her “fainting and falling to the kitchen floor”. He characterized the wife’s testimony as a “fabrication”, and related instances of her mental and physical cruelty inflicted on him.
The evidence considered, we find no merit to the argument that the wife’s “uncorroborated” testimony of the physical beatings is insufficient to satisfy her burden of proof. The trial judge made a credibility determination, and we find no error.
The instant case is akin to Durapau v. Durapau, 338 So.2d 957 (La.App. 4th Cir.1976), where we were confronted with an identical argument on similar facts. We held that a wife’s testimony of a beating by her husband was corroborated by photographs showing bruises on her face and by testimony of other witnesses concerning her physical appearance and emotional upset after the incident, even though no one had actually eyewitnessed the argument between the spouses.
EVIDENTIARY RULINGS
The husband initially complains the trial court erred in excluding evidence of marital problems pre-dating his last reconciliation with his wife in November, 1981, after her first suit for separation. Citing LSA-C.C. Art. 153,[1] he specifically contends that he was entitled to introduce pre-reconciliation letters of apology by the wife for marital difficulties as evidence of a “pattern in the wife’s disturbing behavior and conduct”. We disagree.
Copies of the letters have been included in the record on appeal. Upon examination, we find them to be of little, if any, probative value. The wife’s words of apology, written at the husband’s request as a condition of the reconciliation, were simply a futile attempt to mollify him and give the relationship another chance. Because this evidence has no true relevance to the post-reconciliation fault issue, we find no error in its exclusion.
We likewise reject the husband’s argument that the trial judge allowed uncorroborated evidence implying an adulterous act. The testimony of the husband's presence with another woman was adduced not *70 to prove adultery on his part, but only as a factual circumstance surrounding the Rop-eras’ final altercation in May, 1982. As such, it was relevant evidence and properly admitted.
We further find no merit to the contention that the testimony of plaintiffs father was rife with hearsay and irrelevant comments. The trial judge properly allowed this witness to testify concerning the presence of bruises on his daughter in February, 1982, and the circumstances surrounding the May, 1982 altercation.
We do find persuasive, however, the husband’s contention that the deposition of the wife’s treating physician should not have been admitted in lieu of testimony at trial. The husband’s attorney had not received specific notice of the wife’s intention to depose this witness to perpetuate his testimony, and did not attend the deposition. Absent the husband’s meaningful cross-examination of the deponent, his deposition was inadmissible.
Nonetheless, because the deposed physician merely related the presence of bruises on the wife and her history of the May 19 beating by her husband, the evidence contained in the deposition is merely cumulative and of no probative value. Under these circumstances, any error in its admission is a harmless one not constituting grounds for reversing the judgment.
Accordingly, the judgment is affirmed.
AFFIRMED.

. LSA-C.C. Arts. 152 and 153 provide as follows:
Art. 152. Reconciliation after separation. "The action of separation shall be extinguished by the reconciliation of the parties, either after the facts which might have given ground to such action, or after the action has been commenced.”
Art. 153. Causes arising after reconciliation. "In either case the plaintiff shall be precluded from bringing his action; but he shall be at liberty to bring a new suit for causes arising since the reconciliation, and therein make use of the former motives to corroborate his new action.”