The Honorable Robert E. Minsky Mayor, City of Port St. Lucie 121 Southwest Port St. Lucie Boulevard Port St. Lucie, Florida 34984-5099
Dear Mayor Minsky:
You ask substantially the following question:
Does the Government in the Sunshine Law apply to a briefing session between a retiring mayor and the mayor-elect to discuss matters before the city council?
In sum, I am of the opinion that:
The Government in the Sunshine Law does not apply to a briefing session between a retiring mayor and the mayor-elect who is not an incumbent councilmember to discuss matters before the city council.
This office has been advised that the Mayor of the City of Port St. Lucie is an elective office and serves as a voting member of the city council. You state that you were elected by the voters on October 1, 1992 and were sworn into office on October 19, 1992. Your predecessor's term of office as mayor and member of the city council expired upon your taking office.
During the period between the election and taking office, you state that it would have been helpful to discuss matters with your predecessor. However, you were concerned that such discussions might violate the Government in the Sunshine Law even though neither the "Mayor-elect and current Mayor would ever sit and vote on any issue at the same time." This office has been advised that the mayor-elect succeeds the mayor as a member of the city council and was not an incumbent city councilmember. Thus your question is limited to those situations where the mayor and the mayor-elect do not currently, and will not once the mayor-elect is sworn in, serve on the city council at the same time.
The Government in the Sunshine Law, s. 286.011, F.S., provides in pertinent part:
All meetings of any board or commission . . . of any agency or authority of any county, municipal corporation, or political subdivision . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.[1]
One purpose of the Sunshine Law is to prevent the crystallization of secret decisions at nonpublic meetings to the point just short of ceremonial acceptance.[2] Thus, the courts of this state and this office have considered the Sunshine Law to be applicable to any gathering where two or more members of the same public board discuss matters on which foreseeable action will be taken by that board or commission.[3]
The courts have also recognized the applicability of s. 286.011, F.S., to members-elect of public boards or commissions. In Hough v. Stembridge,[4] the court stated that an individual upon immediate election to public office loses his status as a private individual and acquires the position more akin to that of a public trustee. The court thus held that a meeting of an incumbent councilmember with several councilmembers-elect who would serve together on the city council when sworn into office was subject to the Sunshine Law when the discussion at that meeting concerned matters on which foreseeable action would be taken by the city council. Clearly, then, the Sunshine Law is applicable to the mayor-elect when discussing some matter which foreseeably will come before the city council with other councilmembers-elect or with another city council member who will serve on the city council at the same time as the mayor-elect.
Your inquiry, however, concerns the applicability of the Sunshine Law to discussions between the mayor and the mayor-elect when the mayor and the mayor-elect do not, and will not once the mayor-elect takes office, serve together on the city council. Such a situation appears to be similar to that considered in AGO 88-45 where this office was asked whether s. 286.011, F.S., applies to meetings between an advisory committee member and his or her designated alternate to prepare for an upcoming committee meeting. This office concluded that such meetings were not subject to the Sunshine Law since no two individuals who will exercise independent decision-making authority at the upcoming meeting will be present during those discussions:
The alternate for the member [of the advisory committee] is authorized only to act in the absence of the committee member. Thus, there is, in effect, only one decision-making official present.
Since the mayor-elect replaces the mayor as a member of the city council and the two officials do not serve together on the city council, there are not two individuals who will exercise decision-making authority at the same meeting present. In such a situation, the Sunshine Law would not appear to be strictly applicable to discussions and briefings between the mayor and the mayor-elect when the retiring mayor and the mayor-elect do not serve on the city council at the same time.
However, Florida's tradition of government in the sunshine is part of our heritage and should be accorded the fullest possible measure. While I cannot state that it is an express violation of s. 286.011, F.S., for the mayor and mayor-elect to meet to discuss matters pending before the city council when the retiring mayor and the mayor-elect do not serve on the city council at the same time, it may be advisable to conduct such meetings in the sunshine.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 286.011(1), F.S.
[2] See, Town of Palm Beach v. Gradison, 296 So.2d 472 (Fla. 1974); News-Press Publishing Company, Inc. v. Carlson,410 So.2d 546 (2 D.C.A. Fla., 1982).
[3] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (2 D.C.A. Fla., 1969); AGO 84-54.
[4] 278 So.2d 288, 289 (3 D.C.A. Fla., 1973). And see, AGO 74-40 (members-elect can be liable for Sunshine Law violations).