O’NIELL, Chief Justice..
 

 This is an appeal from a judgment of separation from bed and board, granted on the ground of cruel treatment of the wife by the husband. In his answer to the suit he denied that he had treated his wife cruelly, and in the alternative pleaded that if the court should conclude that he was ever at fault in that respect his wife had forgiven and condoned the ill-treatment up to the time of her abandoning him for the purpose of bringing this suit. She claimed also the care and custody of their only child, a boy nearly eleven years of age, and claimed alimony for herself and the child. The defendant in his answer brought a reconventional demand for a decree of separation on the ground" of ill-treatment on the part of his wife, by constantly nagging, abusing and finding fault with him — and on the ground that she had abandoned the matrimonial residence withorit just, cause, secretly, taking the child with her. In the decree of separation the judge entrusted the care and custody of the child to the mother, and allowed her $40 a month for their support.
 

 The only question before the judge was whether the husband or the wife was at fault in the domestic quarrels ; and that question of course depended largely if not entirely upon the veracity of the parties — comparatively speaking. They were the only witnesses in the case except a woman neighbor who testified that she had seen what she called “slap marks” on Mrs. Hornsby’s face, and other marks on her body, on several occasions after the Hornsbys had quarreled. Their matrimonial relations were generally unhappy. Each of them was in some measure responsible for the unhappiness. But the preponderance of the evidence is in favor of the wife — or rather against the husband. Her forgiving or condoning his
 
 *319
 
 ill-treatment as long as she could endure it was commendable, and should not defeat her right of action for a separation when the ill-treatment became intolerable. Her explanation is sufficient in our opinion, as it was in the opinion of the trial judge when she said: “Well, I tried to make a go of it, but I could not.”
 

 No good reason is suggested why the care and custody of the child should be transferred from the wife to the husband. The amount of alimony allowed by the judge for the support of both the mother and child is certainly not excessive. She makes no complaint of its being too little.
 

 The judgment is affirmed.