HAWTHORNE, Justice.
Plaintiff, Mrs. Hattie Mae Rainwater, wife of Lawrence Eldon Brown, has' appealed from a judgment rejecting her demands for a separation from bed and board on the ground of abandonment and granting to her husband, Lawrence Eldon Brown, on his reconventional demand a separation on the ground of cruelty and awarding to him custody of their adopted minor daughter, Brenda Joy Brown.
*1036 The husband admits the abandonment but contends that he was fully justified in leaving his wife because of her cruel treatment to him which had made their living together insupportable. He testified, among other things, that the wife at times and dates designated by him threatened to kill both him and the child; that on one of these occasions she struck him over the head with the child’s wooden ironing board; that on another occasion she threatened to slit his throat with a butcher knife which she had in her hand; that on still another occasion she threatened to kill him with a hammer which she was brandishing at him; that she also threatened to kill him in his sleep and to-poison his food; that she was subject to violent outbursts of rage and called him insulting and obscene names.
If the wife did the acts charged by her husband and described in his testimony, as set out hereinabove, there can be no question that she was guilty of cruel treatment toward him which would entitle him to a separation from bed and board. On her part, however, she categorically denies most of these charges, and as to those which she admits she says she was justified by her husband’s actions and was acting in self-defense.
The question to be decided, therefore, is one of fact, and its solution depends upon which of the two witnesses, the husband or the wife, is to be believed and whose testimony can be given greater credence and weight. The trial judge, who observed and heard the witnesses testify, dismissed the wife's suit and rendered judgment in favor of the husband. Unfortunately he did not give written reasons for judgment, but we are not in a position to say, after reading the record, that he erred in his conclusion.
The husband alleges other acts of his wife which he contends constitute cruel treatment toward him, but we do not think it necessary to enumerate or mention them as our conclusion is based upon the facts set out hereinabove.
Counsel for appellant cites and calls to our attention authorities to the effect that, where both parties are at fault and their wrongs mutual, neither is entitled to a separation from bed and board, and that a complainant .himself must be relatively free from wrong for him or her to obtain a separation from bed and board on the ground of cruelty, and counsel argues that under, the facts of the instant case these authorities are applicable and pertinent.
As we have heretofore pointed out, the judge in arriving at his conclusion accepted the testimony of the husband, and in doing so must have concluded that the wrongs of these parties were not mutual, and that the husband was comparatively free from wrong. Under these circumstances the authorities cited are not pertinent and have no application.
Appellant also contends that the husband in the instant case condoned the *1038 acts of the wife by continuing to live with her after the occurrence of some of the alleged cruel acts. We do not find that there was in fact condonation. The separation occurred in August, 1951, and it is significant that, although some of her acts of cruelty occurred as far. back as a year or more prior to the separation, one or more of the cruel acts happened in that same month. It was held in Lynch v. Lynch, 138 La. 1094, 71 So. 195, and Hornsby v. Hornsby, 208 La. 316, 23 So.2d 105, that the forbearance of one spouse and his patience in enduring cruel treatment before a separation cannot be considered to be a condonation of the cruel treatment.
The child whose custody was awarded to the father had been adopted by the parties when she was an infant, and at the time of the suit she was about three years old.
There is testimony in the record tending to establish that the wife was at times emotionally unstable and subject to fits of temper or rage, and that she oft.en beat and whipped the child unreasonably, to excess, and without justification, leaving bruises on her legs and buttocks. Two disinterested witnesses testified that they once saw the child with bruises on her legs and hips. Their observation was made, according to the testimony of the husband, shortly after the child had been whipped by the mother. The mother admits chastizing and disciplining the child, but denies any abuse, explaining that the marks left on the child were caused by the fact that her skin was fair and marked easily, and she testified that sometimes she had “gone weeks without laying a finger on it [the child]”.
After hearing all of this testimony the trial judge must have concluded that the. mother had frequently administered unnecessary and unjustified punishment of a severe, harsh, and cruel nature to the child of tender years, little more than a baby, and under this 'conclusion it was proper for him to award the custody of the child to the father.
The determination of whether the mother was cruel to the child is also a question of fact, involving the veracity and integrity of the witnesses, the father contending that she was cruel and the mother denying the charge. As stated herein-above, the trial judge, who observed and heard the witnesses testify, resolved this question of fact in favor of the husband, and we cannot say that he erred.
For reversal of the custody award the appellant relies on the case of Ane v. Ane, 220 La. 345, 56 So.2d 570. That case is in accord with the jurisprudence of this court that, with respect to the custody of children of tender age in a contest between the legally separated or divorced parents, the mother is always preferred to the father unless she is shown to be morally unfit or otherwise unsuitable therefor. That case, however, does not warrant reversal of the trial judge’s ruling in the instant *1040 case, for a careful reading of that case discloses that this court found as a matter o'f fact that the mother had not indulged in cruel abuse or undue mistreatment of the child whose custody the father sought.
For the reasons assigned, the judgment appealed from is affirmed.