276 So.2d 926 (1973)
Lucille Maddox McVAY, Defendant in Reconvention-Appellant,
v.
Earl W. McVAY, Plaintiff in Reconvention-Appellee.
No. 4132.
Court of Appeal of Louisiana, Third Circuit.
April 25, 1973.
Rehearing Denied May 24, 1973.
Garrett & Ryland by B. Dexter Ryland, Alexandria, for plaintiff-appellant.
Gold, Hall, Hammill & Little by James D. Davis, Alexandria, for defendant-appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Plaintiff in reconvention Earl W. McVay was awarded a judicial separation based on cruel treatment. Defendant in reconvention Lucille Maddox McVay appeals the trial court's factual findings. We affirm.
Wife sued for a judicial separation alleging husband's abandonment and his refusal to return to the matrimonial domicile. Husband admitted his departure but alleged that wife's cruel treatment forced him to leave. We find no manifest error in the trial court's accepting the testimony offered by husband over that of the wife.
The parties had been married for twenty-five years and had two children. Their daughter was married and for the three month period before husband left, Mrs. McVay prohibited her husband from seeing their daughter, son-in-law and grandchildren. *927 This unreasonable requirement resulted from a quarrel between Mrs. McVay and her son-in-law which was mainly, if not entirely Mrs. McVay's fault. McVay arranged to visit his daughter, son-in-law and grandchildren without his wife's knowledge.
Although the testimony does not uniformly support husband's allegations that his wife refused to sleep with him and that she cursed and reviled him, there was some support for these allegations.
On the day the parties separated, wife forbid husband to go squirrel hunting with his brother. She became furious when he insisted that he should enjoy that privilege. When she learned that he was going hunting over her objection, she threw some of his clothes out of the house and told him never to come back home. Husband testified that she threatened to kill him on several occasions and two witnesses verified such threats.
Of the two versions presented concerning the more serious allegations, the trial court accepted that of the husband. Credibility of the parties is of particular importance to a resolution of questions of fact consisting of conflicting contentions. Rainwater v. Brown, 221 La. 1033, 61 So.2d 730 (1952). The trial judge's conclusions, inferred from the testimony of witnesses whose credibility he must determine, will be accorded substantial weight on review. Sampognaro v. Sampognaro, 211 La. 105, 29 So.2d 581 (1947); Blackman v. Blackman, 253 So.2d 672 (La.App. 2 Cir. 1971). We will affirm the trial court's conclusions under such circumstances if there is evidence in the record to support them. Bonura v. Gurtner, 258 So.2d 148 (La.App. 4 Cir. 1972).
The record supports the trial court's conclusion that husband is entitled to a judicial separation "... because of the overwhelming and perplexing acts and domination and dictatorial demands by the (wife) ..." Wife's acts rendered the parties' living together insupportable within the meaning of LSA-C.C. Art. 138. Cruel treatment is not confined to physical mistreatment, but can result also from mental harassment arising from conduct that is the very refinement of cruelty, without either force or blows. Schneider v. Schneider, 214 La. 759, 38 So.2d 732 (1949); Manley v. Manley, 188 So.2d 194 (La.App. 2 Cir. 1966). Cruel treatment in any form that renders living together insupportable is a legal ground for judicial separation. Mudd v. Mudd, 206 La. 1055, 20 So.2d 311 (1944).
The trial court judgment is affirmed at appellant's costs.
Affirmed.