311 So.2d 501 (1975)
Rosie Nell Bowerman, wife of Roy BAGGETT
v.
Roy BAGGETT.
No. 6760.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
*502 Carville & Edrington, Jules A. Carville, III, LaPlace, for plaintiff-appellee.
Daniel E. Becnel, Jr. Reserve, for defendant-appellant.
Before GULOTTA, MORIAL and BEER, JJ.
GULOTTA, Judge.
Defendant husband appeals from a judgment granting a separation in favor of the wife on grounds of cruel treatment and awarding plaintiff $45.00 per week in alimony.
On appeal, defendant complains the trial judge erroneously granted a judgment of separation based upon one isolated incident which occurred on April 19, 1974. Connected with this attack is defendant's complaint of a lack of sufficiency of proof because plaintiff's testimony relating to this act is uncorroborated. Defendant finally complains that, in any event, the trial court erred in not finding mutual fault.
According to plaintiff wife's testimony, on April 19, 1974, defendant, while engaged in violent argument, threatened to inflict bodily harm on plaintiff or to kill her. As a result, plaintiff became hospitalized on April 20, 1974, because of a nervous condition precipitated by the occurrence on the previous day. It is plaintiff's testimony that the incident resulting in the separation was a culmination of a continuing pattern of mental harassment which rendered living together unbearable and insupportable. Mrs. Baggett testified that her doctor had informed her on a prior occasion that she could not continue to live under the circumstances under which she had been living. Plaintiff stated the cruel treatment was initiated four years ago when her husband had beaten her. She stated that although she had not been physically attacked by him since that time, she had been threatened with physical harm on numerous occasions. Plaintiff also complained that her husband had frequently absented himself from the family home for extended periods of time. According to plaintiff, she did not return to the family home after the April 19, 1974 incident because she was afraid that in the course of one of their arguments eventually one party may kill the other.
Mrs. Baggett testified that while she did not initially intend to remain away from home when she became hospitalized, that after remaining in the hospital a few days, she realized she could no longer tolerate the continued threats and abuse from her husband.
Defendant's version of the April 19, 1974 incident was that an insignificant argument took place and that no threats were made by him against his wife. He supports this version by stating that on the morning following the incident, plaintiff did not indicate that she was distraught or upset from the argument which had occurred on the previous day. Defendant further denied that he had remained away from the family home for extended periods of time. He stated that, on occasion, he went to a camp owned by him for no longer than a weekend at a time.
As occurs in the usual domestic relations case, the versions of particular incidents are contradictory. In such instance, as in our case, the resolution of fact questions is essentially a credibility determination to be made by the trial judge. In granting a separation in favor of the wife, the trial judge necessarily gave more weight to the testimony of plaintiff than that of defendant. As the court said in McVay v. McVay, 276 So.2d 926 (La.App., 3d Cir. 1973):
"Trial judge's conclusions, inferred from the testimony of witnesses whose credibility he must determine, will be accorded substantial weight on review."
From our consideration of the record in the instant case, we cannot say the trial judge erred in placing more reliance and credibility on the testimony of the wife. We are confronted with a credibility *503 question and not a sufficiency of evidence question as claimed by defendant.
Further, we find no merit in defendant's claim that the trial judge granted the separation in favor of the wife based on an isolated incident of April 19, 1974. A review of plaintiff's testimony, as heretofore discussed, outlines a pattern of mental harassment culminating in plaintiff's hospitalization for a nervous condition.
See McVay v. McVay, supra, where the court held that mental harassment was sufficient under LSA-C.C. art. 138 to constitute cruel treatment as grounds for separation.
We reject also defendant's claim that a prior beating of plaintiff by defendant and prior threats upon plaintiff have been condoned. According to plaintiff wife, she has never forgiven her husband for such ill treatment resulting in her hospitalization. In Rainwater v. Brown, 221 La. 1033, 61 So.2d 730 (1952), the Supreme Court held that forbearance and patience on the part of one spouse in enduring cruel treatment did not constitute condonation of that treatment.
Accordingly, we find no error in the judgment of the trial court in granting a separation in favor of the wife based on the cruel treatment of the husband.
Nor can we say the trial judge erred in awarding alimony to the wife in the sum of $45.00 per week. While it is true that at the time of the trial, the wife was working at a salary of $2.00 per hour, that job was only temporary. Defendant testified that although he was temporarily out of work, his normal earning capacity was $310.00 per week or $7.75 per hour. He further stated that he owed no outstanding indebtedness on his home, automobile or truck. We might point out that we are impressed by the meager requirements of plaintiff wife. She stated that she paid $60.00 per month in rent, $15.00 or $20.00 per week on food, $2.63 per month for electricity, $3.27 per month for gas and $5.00 per week for gasoline for a nine year old automobile. Defendant's expenses are noticeably higher. His electric bill amounted to $30.00 per month, a gas bill average of $4.00 per month, food approximating $50.00 or $60.00 per week and gasoline amounting to $25.00 per week. We cannot say, under the circumstances, that the trial judge abused his discretion in awarding the wife $45.00 per week in alimony.
Accordingly, the judgment is affirmed.
Affirmed.