SCHOTT, Judge.
Appellee has moved to dismiss the appeal of his wife from a judgment of divorce in his favor.
Appellee took his judgment pursuant to LSA-R.S. 9:302 on the ground that the parties lived separate and apart without reconciliation for over one year after a judgment of separation. Appellant had filed an answer to the petition for divorce, admitting that there was a judgment of separation in favor of appellee, that more than one year had elapsed since that judgment had become final, that no reconciliation had occurred and that appellee was entitled to the judgment under the provisions of R.S. 9:302. Appellee’s mo *413 tion to dismiss the appeal is based upon the proposition that appellant confessed judgment in the proceedings in the trial court and is barred from taking an appeal by LSA-C.C.P. Art. 2085. We note that, while appellant made these admissions, there could be no confession of judgment; divorce cannot be obtained by consent.
When the petition for divorce was filed appellant’s first pleading was an “Exception of Improper Procedure.” This exception was overruled by the trial judge, whereupon appellant filed her answer containing the admissions referred to above and also an incidental demand by appellant to be held free from fault in connection with the divorce. Appellee filed an exception of no right or cause of action in re-, sponse to this incidental demand on the theory that appellant was precluded from raising the issue of fault in the divorce proceedings because the issue of fault had already been tried and decided in appellee’s favor in the separation proceedings and could not be re-litigated.
Appellant had no right to appeal from the interlocutory judgment of the court which overruled “Exception of Improper Procedure,” and the validity of that judgment is now an issue on appeal. Furthermore, the jurisprudence which has developed to the effect that the question of fault cannot be re-litigated in the divorce proceedings once an adjudication has been made in the separation proceedings does not deprive appellant of her right to take an appeal from the judgment. Consequently, appellant is entitled to proceed with her appeal.
Accordingly, the motion to dismiss the appeal is denied.
MOTION DENIED.