340 So.2d 1104 (1976)
Rita Moreau RICHARD, Plaintiff and Appellee,
v.
Melvin Lee RICHARD, Defendant and Appellant.
No. 5723.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1976.
*1105 Edwards, Stefanski & Barousse by J. Michael Stefanski, Crowley, for defendant-appellant.
Alvis J. Roche, Lake Charles, for plaintiff-appellee.
Before HOOD, DOMENGEAUX and HUMPHRIES, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellee, Rita M. Richard, filed this suit for separation against her husband, Melvin L. Richard, on the grounds of cruel treatment (LSA-C.C. 138(3)). Mr. Richard filed an answer in the form of a general denial and, as plaintiff in reconvention, prayed for a separation against his wife on the grounds of abandonment (LSA-C.C. 138(5)).
From a judgment which granted a separation in favor of the wife, the husband has appealed to this court, alleging that the lower court erred in (1) granting the separation to his wife on the grounds of cruel treatment, and (2) that if cruel treatment was involved, both parties were equally at fault, thus requiring the dismissal of both plaintiff's suit and his own reconventional demand.
Mr. and Mrs. Richard were married on December 13, 1954. Insofar as the record shows, the difficulties between the parties began to emerge about April, 1975, following surgery performed upon Mrs. Richard for the placement of a "pacemaker" in her body.
The evidence presented by Mrs. Richard shows that her husband commenced a steady course of harassment designed to force her to leave the matrimonial domicile. He would go out practically every night, returning in the wee hours of the morning without stating his whereabouts or the reasons for his leaving. He told her that if she was not satisfied she could leave. Some four or five months prior to the separation, Mr. Richard, in a fit of anger, drove his fist through a closet door in his wife's presence. He ridiculed her to the point of suggesting that she no longer possessed her womanly propensities because of a hysterectomy which she had undergone previously. Finally, defendant-husband had gone to the bedroom presumably to rest, after having been out late the night before. The bedroom contained twin beds and the family telephone was situated between the beds. On that particular occasion Mrs. Richard was using the telephone, and after she concluded her conversation Mr. Richard grabbed the phone, threw it on the floor, and violently pulled Mrs. Richard by the hair with such force that some of the hair was pulled out of the scalp, causing the wife much pain. Mr. Richard then pointed his fist at his wife threatening to strike her if she complained. As a result of defendant's conduct, Mrs. Richard left the family home on November 4, 1975.
There is corroborating testimony to the effect that on November 3, 1975, Mrs. Richard's scalp still had a lump on it, was red and swollen, and a spot of missing hair was visible.
Mr. Richard generally denied his wife's accusations and on the other hand testified that she nagged him and was not performing her household duties of cooking, washing and cleaning. He admitted to staying out late on some nights but denied that he had ever ridiculed her. He did admit that, during the period in which he alleges that his wife's lax housekeeping episodes occurred, the latter was still ill from her pacemaker operation.
*1106 The record also discloses that an attempt was made by Mrs. Richard's brother-in-law to effect a reconciliation between the parties after this suit was filed. At a pre-arranged meeting Mrs. Richard agreed to a reconciliation, but her husband indicated a lack of desire to do so and urged his wife to continue with her suit for separation.
The trial judge, considering the totality of the evidence, concluded that same preponderated in favor of plaintiff-wife. We find no error in his determination. The trial judge's conclusions, inferred from the testimony of witnesses whose credibility he must determine, will be accorded substantial weight on review. Baggett v. Baggett, 311 So.2d 501 (La.App.4th Cir. 1975); Best v. Best, 337 So.2d 672 (La. App.3rd Cir. 1976).
We additionally conclude that the evidence is sufficient to sustain the finding by the trial judge that Mrs. Richard was justified in abandoning the matrimonial domicile because of the cruel treatment of her husband. Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794 (1953).
It is true that our jurisprudence holds that when both parties are equally at fault neither can obtain a legal separation because of the doctrine of recrimination or comparative rectitude.[1] In order to apply that doctrine to the facts of this case it would be necessary that we substitute our judgment for that of the trial judge. This we will not do. Our review of the record shows that ample evidence exists therein to sustain the district court finding that Mr. Richard's actions constituted cruel treatment on his part, Gaudiano v. Gaudiano, 288 So.2d 396 (La.App.4th Cir. 1974), and as aforesaid, Mrs. Richard was justified in abandoning the matrimonial domicile.
For the above and foregoing reasons the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] We take note that Act No. 495 of the 1976 Regular Sesion of the Louisiana Legislature adds a new Article 141 to our Civil Code which mandates the granting of a separation although both parties are mutually at fault in causing the SEPARATION> This action legislatively overrules the jurisprudence on this subject. In any event, the circumstances giving rise to this litigation occurred prior to the effective date of the Act (October 1, 1976).