415 So.2d 463 (1982)
Jeanelle Cheramie ALLEMAND
v.
Jimmy Paul ALLEMAND.
No. 14811.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
Maurice J. Serpas, Galliano, for plaintiff-appellee Jeanelle Cheramie Allemand.
Harold J. Sonnier, Thibodaux, for defendant-appellant Jimmy Paul Allemand.
Before COVINGTON, COLE and WATKINS, JJ.
COVINGTON, Judge.
Jeanelle Cheramie Allemand filed suit seeking a separation from bed and board, custody, alimony, and child support from her husband, Jimmy Paul Allemand. She sought the separation on the ground of cruel treatment. Mr. Allemand denied her allegations and reconvened for a separation from bed and board in his favor on the ground of abandonment.
After trial of this matter was held on June 15, 1981, judgment was signed on June 16, 1981, in favor of Mrs. Allemand and against the defendant, granting plaintiff 1) a separation from bed and board, 2) permanent custody of the minor child born of the marriage, and 3) alimony and child support in the amount of $138.60 per week. Defendant's reconventional demand was denied. He has devolutively appealed from this judgment.
The Allemands were married on May 3, 1974. They apparently experienced marital difficulty for some time prior to the incidents giving rise to this suit. They had a trial separation in July of 1980. That separation led to Mrs. Allemand filing suit *464 against her husband for a separation on the ground of abandonment. When the parties reconciled in August, 1980, that suit was dismissed. During their marriage, the parties argued frequently over a number of things. The wife admitted that she had a quick temper, but said that, after the August reconciliation, she made an attempt not to lose her temper. She testified that following their reconciliation, they argued much less than before. She said that Mr. Allemand deliberately provoked her by missing work for no reason, a subject over which they had often quarreled, and by deliberately trying to make her lose her temper. She stated that his missing work and then depending upon his parents to pay his bills was, in fact, one of the main problems with the marriage. Additionally, she said that her husband had told a friend of his that he had reconciled with her in August only because it was cheaper than paying alimony and child support.
Appellee testified that she and Mr. Allemand had an argument on November 21, 1980, which resulted in her leaving their common dwelling the following day. This argument concerned an invitation to accompany some friends on a hunting trip to Alexandria. Mrs. Allemand did not feel that they could afford the expense of the trip. She testified that, despite her explanation to Mr. Allemand about why she did not want to go, an argument took place. During this argument, appellant told her that he no longer loved her and wanted a divorce, and that she should leave. She testified that appellant told her that, if she "wanted to stay, he would make my life miserable." She said that he told her he wasn't leaving because she had sued him for abandonment the last time they separated and he wasn't going to "give me that satisfaction."
She admitted that, during the course of this argument, she told appellant that she too wanted a divorce. She testified that she may also have told him that she no longer loved him, but could not honestly recall whether she had done so.
Mrs. Jeanette Cheramie, appellee's mother, testified that she was a witness to a couple of disagreements between the parties which occurred between August and November of 1980. She testified that, during one of these arguments, Mr. Allemand told Mrs. Allemand that "it was best that she leave."
The defendant denied having told his wife to leave, or that he would make her life miserable if she stayed. He denied having told her that he was not leaving because he did not want to be sued for abandonment again and have to pay alimony and child support. Mr. Allemand also denied telling her, during this argument, that he no longer loved her and wanted a divorce. Generally, appellant denied all of the material allegations of his wife's testimony, with the exception of the fact that an argument had occurred on November 21, 1980. He further testified that she told him during this argument that she no longer loved him and wanted a divorce. According to his testimony, he simply told her that she had the choice to do whatever she wanted, either go or stay.
Appellant testified that he never requested that appellee return and, in fact, had not even known where she was staying. He attempted to contact her on only one occasion; that was in order to get their income tax return signed. He stated that she had contacted him on only a few occasions, always with regard to alimony. He admitted that he did not love his wife any more, and did not want her to come back to him.
On appeal, the husband contends that the trial court erred in granting a judgment of separation in favor of the wife on the facts and circumstances in evidence.
Since the parties' versions of the incidents occurring in the November 21 argument differ substantially, resolution of the case rests to a large extent upon the issue of credibility, and upon whose version should be believed. The trial judge's determinations in this regard should not be disturbed absent a finding of manifest error. Morris v. Morris, 336 So.2d 254 (La.App. 1 Cir. 1976).
*465 Having found in favor of plaintiff, the trial judge apparently accepted her version of the incidents of November 21. His comments, dictated into the record, indicate his belief of the wife's willingness to make the marriage work following their reconciliation. The comments clearly indicated that he found the defendant to be at fault in prompting the argument and in causing the break-up of this marriage. The judge stated that he found that the husband did not love his wife, did not want her back, and made no effort to get her to return to their home.
Cruel treatment in any form which renders living together insupportable is a legal ground for a separation from bed and board. LSA-C.C. art. 138; McVay v. McVay, 276 So.2d 926 (La.App. 3 Cir. 1973); Baggett v. Baggett, 311 So.2d 501 (La.App. 4 Cir. 1975). In the present case, there is ample evidence in the record to support the judgment in the wife's favor. She testified that Mr. Allemand deliberately provoked her and tried to make her lose her temper on many occasions. More importantly, during the November 21 incidents, her husband told her that he no longer loved her, wanted a divorce, and would make life miserable for her if she chose to stay. In effect, by telling her that he would make her life miserable if she stayed, appellant forced his wife from their home. To force a wife out of the marital domicile by such a threat is a form of cruel treatment. This fact, along with the other evidence in the record, establishes the cruel treatment necessary to support the granting of the judgment of separation in her favor.
For the foregoing reasons, the judgment appealed is affirmed at appellant's costs.
AFFIRMED.