AUGUSTINE, Judge.
Mrs. Couvillion appeals from an order of the trial court in which she was denied permanent alimony. To prevail in this suit for alimony, Mrs. Couvillion must be without fault and without sufficient means for her maintenance. C.C. Art. 160. In December 1978, Mrs. Couvillion filed for a separation from bed and board. In her petition, she alleged that Mr. Couvillion left the matrimonial domicile and that the parties “voluntarily” lived separate and apart for a period of more than one year, during which time no reconciliation had taken place. Mrs. Couvillion then alleged she was entitled to a separation from the defendant on the ground of one year’s separation. The defendant, Francis G. Couvillion, failed to appear and answer. Therefore, on November 15,1979, judgment was rendered in favor of Mrs. Couvillion decreeing a separation a mensa et thoro.
In 1980, Mr. Couvillion petitioned the court for a divorce under L.S.A.-R.S. 9:301 which provides that when the spouses have been living separate and apart continuously for a period of one year or more, either spouse may obtain a judgment of absolute divorce. Mrs. Couvillion, thereafter, alleged that she was not at fault in the breakup of the marriage. In paragraph 2 of her reconventional demand, she stated that she obtained a judgment of separation against her husband on grounds of abandonment. In his answer to the reconven-tional demand the husband states simply that the allegations of paragraph 2 of the reconventional demand are admitted. Mrs. Couvillion also alleged that she did not have sufficient means for support of herself and her minor child. These allegations were denied by Mr. Couvillion.
At trial, Mr. Couvillion put forth evidence which would support his petition for a divorce on the basis of living separate and apart without reconciliation for a period of one year or more. Mrs. Couvillion then went forward with evidence of necessitous circumstances, lack of means for support, and Mr. Couvillion’s ability to pay, in an effort to support her claim for permanent alimony. However, no testimony was elicited on the issue of freedom of fault. The lower court granted a divorce in favor of Mr. Couvillion and denied Mrs. Couvillion alimony. There are no reasons for the trial court’s denial of alimony in this case.
In the wife’s brief, on page 4, she states that the question of fault is not an issue in this case because she alleged abandonment in paragraph 2 of her reconven-tional demand and that this allegation was admitted by her husband in his answer to that reconventional demand. However, the record does not bear out this assertion. The record shows that she obtained her judgment of separation not on the ground of abandonment. She alleged in article 4 of her petition for separation that he left the matrimonial domicile in May, 1976, and that “he and petitioner have voluntarily lived apart since that date.” Thus, she did not allege abandonment in her original petition for separation, that was not the ground for awarding her the separation.
*93 In Rouprich v. Rouprich, 393 So.2d 369 (La.App. 1st Cir.1980), Mrs. Rouprich filed for a divorce based upon living separate and apart for two years. Mr. Rouprich answered and reconvened, seeking a divorce in his favor based upon two years separation. Mrs. Rouprich amended her petition claiming the right to alimony in that she was not at fault, and had not sufficient means for her support. The trial court granted a divorce in favor of Mrs. Rouprich and condemned Mr. Rouprich to pay alimony. He appealed alleging that Mrs. Rouprich failed to carry her burden of proving that she was free from fault as required by Article 160. As in the case at bar, no evidence was adduced to prove that the wife was free from fault. The First Circuit reviewed the record and found no basis upon which to uphold the trial court’s award of alimony and therefore reversed. Writs of certiorari were filed to the Louisiana Supreme Court.
The Louisiana Supreme Court in reviewing the case reversed the First Circuit and remanded the case to the trial court for further evidence on the issue of the wife’s freedom from fault. Rouprich v. Rouprich, 397 So.2d 1257 (La.1981).
We follow the decision of the Louisiana Supreme Court and hereby remand this case to the trial court for further evidence on the issue of the wife’s freedom from fault.
REMANDED.