HALL, Judge.
Appellant, Virginia Lee Robinson Slater, appeals the district court’s judgment awarding her estranged husband, appellee George Franklin Slater, a separation on the grounds of cruel treatment. Appellant contends that appellee’s uncorroborated testimony is insufficient to support the separation judgment. Appellee filed a motion to dismiss the appeal, contending that appellant acquiesced in and consented to the judgment. We deny the motion to dismiss and affirm the separation judgment.
The parties physically separated on September 14,1982. Mr. Slater filed a petition for separation three days later, alleging Mrs. Slater’s verbal abuse, constant arguments between the parties, and Mrs. Slater’s refusal to have sex with Mr. Slater since July 1982 as grounds. Mrs. Slater answered and reconvened, praying for a separation in her favor on the grounds of Mr. Slater’s cruel treatment of her, specifically his habitual intemperance and physical cruelty which rendered their life together insupportable. She prayed additionally for $400 alimony pendente lite, an order that Mr. Slater pay all of her medical bills, a judgment entitling her to exclusive use of the family home pending partition of the community, and an injunction preventing Mr. Slater’s physical harassment of her.
The hearing on the rule for alimony was consolidated with the separation hearing. The attorneys for the parties stipulated before the trial court that Mr. Slater would pay Mrs. Slater $300 monthly alimony pen-dente lite. Mr. Slater further agreed to give his estranged wife exclusive use of the family home, that he would pay the monthly house note on that home, that he would pay Mrs. Slater’s medical insurance and maintain hospitalization insurance coverage for her, and that he would pay the monthly utility bills. Mr. Slater also stipulated that he was guilty of such conduct as would bar him from receiving alimony after divorce. In return for this Mrs. Slater agreed to abandon her reconventional demand.
After these stipulations were entered into, Mr. Slater testified before the trial court. His testimony basically reiterates the allegations of his petition. John R. Slater, Mr. Slater’s son by a previous marriage, testified on his father’s behalf. The sum of his testimony is that the parties physically separated on September 14 and have not reconciled since that time.
On the basis of the stipulations entered into by counsel and the above-mentioned testimony, the trial court granted a separation judgment in Mr. Slater’s favor which incorporates the terms of the stipulations. Represented by an attorney other than the attorney who represented her at trial, Mrs. Slater appealed.
Appellee filed a motion to dismiss the appeal. Citing LSA-C.C.P. Art. 2085, appellee maintains that appellant acquiesced in the judgment by virtue of her entering into the stipulations at trial level and submitting the case as an “uncontested” matter. Appellant counters that a divorce or separation cannot be obtained by consent and therefore it cannot be said that she acquiesced in the judgment.
This latter view is correct. The stipulations entered into concern temporary alimony, use of the family home, and other primarily financial matters. The record does not indicate a stipulation regarding the judgment of separation itself.
Moreover, as correctly noted by appellant, a divorce or separation judgment cannot be obtained by consent or acquiescence. Perez v. Perez, 328 So.2d 411 (La.App. 4th Cir.1976). In Perez, the appellant wife was allowed to prosecute her appeal of a divorce judgment notwithstanding the fact that she filed an answer to her husband’s petition for divorce admitting all of the petition’s allegations and, in effect, confessing judgment.
Accordingly, appellee’s motion to dismiss is denied.
*906 On the merits, appellant contends that the evidence adduced at the trial level is insufficient to justify the separation judgment in appellee’s favor. She claims specifically that the mere uncorroborated testimony of one spouse does not constitute the preponderance of the evidence required by law to support a judgment of separation or divorce. In support of her position, she cites several cases, including Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir.1976); Johnson v. Johnson, 296 So.2d 470 (La.App.2d Cir.1974); Meyerer v. Meyerer, 255 So.2d 367 (La.App. 1st Cir.1971); Mason v. Mason, 155 So.2d 216 (La.App. 2d Cir.1963); and Ellois v. Ellois, 145 So.2d 123 (La.App. 4th Cir.1962).
In a separation case the plaintiff bears the burden of proving by a preponderance of the evidence the facts in support of his demand. Richard v. Richard, 340 So.2d 1104 (La.App.3d Cir.1976). The factual determinations of the trial judge in separation cases are accorded great weight and should not be disturbed on appeal absent a finding of manifest error. Allemand v. Allemand, 415 So.2d 463 (La.App. 1st Cir.1982). The unsupported testimony of a party in a divorce or separation suit as against the unsupported testimony of the other party may constitute a preponderance of the evidence provided that it is believed by the trier of the case. Chamblee v. Chamblee, 340 So.2d 378 (La.App. 4th Cir.1976); Seeling v. Seeling, 133 So.2d 161 (La.App. 4th Cir.1961). In the Seeling case the court noted that disputations between married persons often take place behind closed doors and that in matters of this nature the court is often called upon to adjudicate the case on the basis of the testimony given by the spouses themselves. If unsupported testimony of a spouse, believed and accepted by the trial court as opposed to unsupported testimony by the other spouse, can constitute a preponderance of the evidence sufficient to support a judgment of separation or divorce, then certainly uncorroborated testimony of a spouse in a case where the other spouse is present at trial and represented by counsel but conducts no cross-examination of the testifying spouse and offers no conflicting evidence, can constitute a preponderance of the evidence. Such is the situation in the instant case.
The cases cited by appellant, while containing language supportive of appellant’s position, are not persuasive authority for the proposition that uncorroborated testimony of one spouse can never be sufficient to support a separation or divorce judgment.
The Johnson and Gilberti cases cited by appellant stand for the proposition that the mere uncorroborated testimony of one spouse does not constitute the required preponderance of the evidence when that testimony is contradicted by the other spouse. In the instant case appellee’s testimony was not contradicted by the appellant. In the Mason case the opinion of the court contains the statement that the uncontradicted statement of one spouse alone is not the preponderance of the evidence required by law. However, this statement is purely dictum, the basic holding of that case being that the testimony of the plaintiff, proceeding by confirmation of default, did not establish the elements of abandonment even if accepted. Similar statements in the El-lois and Meyerer cases were dictum because in both of those cases the testimony of the complaining spouse was contradicted by evidence presented by the other spouse.
Because of the societal interest in preserving marriages and the rule that a divorce or separation judgment cannot be obtained by consent or acquiescence, the evidence in such a case must be carefully evaluated by the trial court in determining whether the grounds for the separation or divorce are established by a preponderance of the evidence. Uncorroborated testimony of one spouse should not be lightly accepted but where such testimony is believable and persuasive, where the facts sought to be proved arise out of the private relationship between the spouses and are not readily subject to corroboration, and where the other spouse participates in the trial and offers no conflicting evidence, such uncorroborated testimony may constitute a preponder- *907 anee of the evidence sufficient to support a judgment of separation or divorce.
In the instant case the uncontradict-ed testimony of Mr. Slater, believed and accepted by the trial court, establishes with sufficient specificity the facts required to substantiate the separation judgment rendered in his favor. Specifically, he described his wife’s habit of cutting him down and making fun of him in front of others and refusing to talk problems over with him, and her habit of pouting for weeks at a time. He also testified that his wife refused to have sexual relations with him for a substantial period of time prior to the separation. He further described his efforts to “bury the hatchet” and work out their marriage, which his wife refused to do. His testimony that he and his wife had been separated without reconciliation from September 14,1982 until the trial in November 1982 was corroborated by the testimony of his son. These facts are sufficient to establish cruel treatment by the wife such as to render their living together insupportable.
We conclude that the judgment of the district court granting the separation is supported by a preponderance of the evidence presented to the court, and the judgment is therefore affirmed at appellant’s costs.
Affirmed.