451 So.2d 1257 (1984)
Diann James MASON
v.
Albert Lee MASON, III.
No. CA-1616.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1984.
*1258 W. Donald Cashio, New Orleans, for plaintiff-appellant.
J. Terrell Heath, New Orleans, for defendant-appellee.
Before GULOTTA, BARRY and WILLIAMS, JJ.
BARRY, Judge.
In this legal separation the wife appeals the fault determination and seeks continuation of alimony pendente lite.
Diann Mason sued Al Mason for divorce alleging adultery; he reconvened for a separation on mental and physical cruelty. The wife amended her petition, alternatively seeking a separation on mental cruelty. Several months prior to trial the wife was awarded custody of their minor child with support of $250 per month and $400 per month alimony.
After trial the court granted the husband a separation and rejected the wife's petition specifically finding her at fault and the husband free from fault. The trial court continued the child support payments and stated: "[T]he wife, having been found with fault, is not entitled to alimony."
Diann testified that Al frequently was away from home for days without notice or justification; that he constantly provoked arguments; and that he was having an affair. Her private investigators said Al spent 2 or 3 hours one evening in his apartment with a woman and a few minutes on another occasion. Al and the woman admitted visiting a few times, but denied any relationship. He denied leaving home for long periods except while working offshore.
Al claimed his wife went to singles' bars five or six nights a week and often stayed out all night. Three neighbors testified that on two occasions while Al was working the parties' 3-year old child was found crying outside the house at 5:00 and 7:00 a.m. and Diann was not home. Both times Diann got home later in the morning and was "all dressed up." The neighbors also saw various male visitors at the house while Al was working.
Diann's therapist, with whom she "discussed relationships that she had during the marriage," conceded she mentioned extramarital relationships to him.[1] The wife said that "Mostly all of the guys in the 7th [N.O.P.D.] district" went by her house to check up on her when her husband was away.
Al testified his wife caused financial problems by purchasing expensive jewelry, cosmetics, etc., even after they claimed bankruptcy. Diann admitted spending several thousand dollars on a Rolex watch, diamond necklace and earrings. She attributed their financial straits to Al's gambling offshore, but the amounts appear to be minimal.
The parties separated after Diann shot Al in the head. Diann testified the shooting occurred after she saw her husband's car by a bar; she went in and saw Al *1259 kissing and hugging another woman. She said when Al got home later he tried to run over her in another car and "That's why I shot him. I was protecting my own life." Al denied being with a woman in the bar and testified he was asleep when Diann got home and threatened to shoot him. She went outside and shot at his car as he was packing to go offshore. He fled the house and was backing out of the driveway when Diann fired one shot through the windshield and another shot which grazed his head.
We agree that Diann was at fault in causing the separation. Her admission that she shot her husband and the convincing testimony regarding her night life and neglect of marital responsibilities amply supports the finding of cruel treatment. It is clear there was no resumption of the marital relationship after the shooting and no intent by either spouse to resolve their differences and continue the marriage. Miller v. Miller, 398 So.2d 1162 (La.App. 2d Cir.1981); Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir.1976).
This Court also finds no abuse of discretion in the rejection of Diann's petition for divorce based on adultery. The testimony of the two investigators was conflicting, including whether the alleged correspondent spent the night at Al's apartment or left a few minutes after he arrived home. The totality of the testimony merely showed Al and the woman spent several hours in his apartment on one or two evenings. In domestic litigation fact findings of a trial judge, based on evaluations of credibility of conflicting witnesses, are entitled to particularly great weight. Allemand v. Allemand, 415 So.2d 463 (La.App. 1st Cir.1982).
The trial court properly held that Diann is not entitled to "pension" alimony since she is at fault. LSA-C.C. Art. 160; Couvillon v. Couvillon, 427 So.2d 91 (La. App. 4th Cir.1983).
However, the court did not resolve alimony pendente lite. Approximately four months before trial a hearing was held on the wife's rule for child support and alimony pendente lite. The husband testified he earns slightly over $30,000 per year. The wife testified she has not been employed full-time since January, 1981 and has been earning about $400 a month from temporary jobs. She listed expenses of $1942.19 per month. Diann was awarded $250 per month child support and alimony pendente lite of $400 per month. Al moved for a new hearing which was denied one month later after another hearing. The husband could have taken an appeal, Traylor v. Traylor, 337 So.2d 922 (La.App. 3d Cir. 1976), but did not.
Alimony pendente lite was not an issue at trial on the merits. While there was a modicum of testimony regarding the parties' employment status and expenditures, that evidence concerned the issue of fault. There was no new evidence indicating a change in the parties' financial circumstances since alimony pendente lite was set four months earlier. The legal separation judgment continues the prior child support and custody, but omits reference to alimony pendente lite. Fault is not a bar to alimony pendente lite. LSA-C.C. Art. 148; Levine v. Levine, 373 So.2d 1380 (La.App. 1st Cir.1979). Thus, the trial court, having found the wife at fault, merely stated the eventual consequence of that determination in the event of divorce.
The husband cites several cases supporting the trial court's discretion in setting alimony pendente lite and argues that, "The court obviously made the factual determination that [the wife] ... was not without sufficient income so as to entitle her to alimony pendente lite." There is no indication that the trial court considered that question or made such a determination.
A judgment awarding alimony pendente lite remains in effect until it is judicially modified or terminated or until divorce. We therefore find the judgment of February 9, 1983 awarding Diann Mason $400 per month alimony pendente lite still in effect and the trial court's judgment of *1260 June 3, 1983 is hereby amended to so provide.
Each party to pay their own costs.
AMENDED AND AFFIRMED.
NOTES
[1] The therapist testified, "She has never discussed something that I could characterize as an extramaritalWell, I'm sorry, I'll have to take that back."