LINDSAY, Judge.
The defendant, Brenda S. Halley, appeals a judgment of the trial court granting a separation to the defendant and the plaintiff, Billy G. Halley, on the basis of “mutual fault” of the parties. Appellant contends that the evidence is insufficient to support a finding of fault on her part. The plaintiff does not appeal the trial court’s finding that he was also at fault. We affirm this separation judgment.
Mr. and Mrs. Halley physically separated on February 10, 1983. Mr. Halley subsequently filed a petition for separation on the grounds of cruel treatment. Mrs. Halley answered this petition and reconvened against her husband, also seeking a separation on the grounds of cruel treatment. Mrs. Halley represented herself at trial and on October 7, 1983 a judgment of separation was rendered based on mutual fault of the parties. The defendant appealed this judgment, but it was upheld by this court in an unpublished opinion rendered April 30, 1984. Upon rehearing, however, in Halley v. Halley, 457 So.2d 108 (La.App. 2d Cir.1984) writ denied 461 So.2d 316 (La.1984), we reversed the trial court’s judgment, holding that the trial court abused its discretion in denying the defendant’s motion for a continuance, where the defendant was not represented by counsel and not able to properly defend herself. The case was remanded to the trial court for a new trial.
After remand, Mrs. Halley dismissed her reconventional demand, leaving at issue only Mr. Halley’s demand for a separation. Mr. Halley filed an amending and supplemental petition alleging post separation fault and misconduct on the part of the defendant, but these allegations were subsequently abandoned.
At the conclusion of the trial on February 22,1985, for oral reasons transcribed in the record, the trial court rendered a judgment of separation based on mutual fault. The court found that the actions of both parties contributed to the break-up of the marriage and therefore both were legally at fault. Defendant notes in her. brief on appeal that the parties were judicially divorced on June 5, 1985 in Ouachita Parish, Louisiana on the grounds of the parties having lived separate and apart for a period in excess of one year. The question of “fault” in that proceeding was pretermitted pending the outcome of this appeal.
LSA-C.C. Art. 141 provides in part:
A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. ...
This article does not create a new ground for separation. The fault contemplated by the article is fault which constitutes an existing, independent ground for separation under LSA-C.C. Art. 138. Dixon v. Dixon, 357 So.2d 856 (La.App. 4th Cir.1978); Jenkins v. Jenkins, 441 So.2d 507 (La.App. 2d Cir.1983), writ denied 444 So.2d 1223 (La.1984).
The plaintiff in this case alleges that the defendant was guilty of cruel treatment, a ground for separation under LSA-C.C. Art. 138Í3).[1]
*871 The plaintiff, in seeking a separation, must prove by a preponderance of the evidence the facts in support of his demand. Richard v. Richard, 340 So.2d 1104 (La.App. 3d Cir.1976); Slater v. Slater, 431 So.2d 904 (La.App. 2d Cir.1983). The trial judge is vested with much discretion in cases involving domestic relations. This is especially true with regard to the evaluation of the weight of the evidence, which is to be resolved primarily on the basis of the credibility of the witnesses. The trial judge, through observing the demeanor of the witnesses, is in the better position to rule on their credibility. Pearce v. Pearce, 348 So.2d 75 (La.1977); Creech v. Creech, 449 So.2d 1192 (La.App. 2d Cir.1984).
This court in Edelen v. Edelen, 457 So.2d 171, 173 (La.App. 2d Cir.1984) noted:
Fault is a question of fact. The trial court’s finding on the issue will not be disturbed on appeal absent a finding of manifest error. Slater v. Slater, supra; Allemand v. Allemand, 415 So.2d 463 (La.App. 1st Cir.1982). It must be established that a spouse is guilty of conduct sufficient to establish an independent grounds for a separation for the spouse to be adjudicated guilty of fault. Adams v. Adams, 389 So.2d 381 (La.1980).
On the basis of this jurisprudence and statutory authority, Mr. Halley, as plaintiff in this case, was required to prove by a preponderance of the evidence that Mrs. Halley was guilty of cruel treatment' of such a nature as to render their living together insupportable.
Defendant contends, however, that the plaintiff failed to prove that she was guilty of fault which would have established the plaintiffs independent entitlement to a separation. Arguing that the evidence was insufficient to support such a finding, Mrs. Halley alleges that Mr. Halley’s testimony at trial regarding her statements that she no longer loved him, that the marriage was a mistake, that she couldn’t stand the sight of him, and that she wanted out of the marriage, were all uncorroborated and self-serving. She further alleges that any possible misconduct or cruel treatment on her part was a “justifiable response” to the initial fault of her husband. She contends that the quarreling that occurred during the marriage was only that which would ordinarily occur in any marriage, and as such, would not support a finding of fault on her part. She also contends that her statements that her husband was a “tightfisted SOB” should not be considered public defamation.
The evidence presented at trial reveals that the parties were involved in a strained and tenuous relationship from the beginning. Married on September 12,1981, they separated a few weeks later, but subsequently reconciled. There were other separations during the marriage, always as a result of Mrs. Halley’s leaving Mr. Halley’s home. This culminated in a final separation in 1983 when Mrs. Halley moved out of the matrimonial domicile.
Mr. Halley testified at trial that their marriage was full of difficulties. He revealed that prior to Mrs. Halley's departure in February of 1983, she told him that she no longer loved him and that she wanted out of the marriage. This testimony was not contradicted by Mrs. Halley and she agreed that she had indicated prior to her departure that she no longer wished to continue in the marriage. She stated that was her intent when she left in February, 1983 and did not return.
Mr. Halley’s testimony concerning statements made by Mrs. Halley in public that he was “tight fisted” and didn’t provide for her needs, was corroborated by the testimony of witnesses present on those occasions. They indicated that the statements by Mrs. Halley were unprovoked and embarrassed Mr. Halley. Statements made by his wife in his absence were later related to him. There was also testimony that Mrs. Halley initiated many arguments with her husband in public over money. Mrs. Halley did not dispute the fact that these arguments occurred, however she attempted to show they were the result of Mr. Halley’s gambling and his refusal to give her additional funds to spend either on *872 gambling or as a supplement to her $200 a week budget.
Mr. Halley also testified that Mrs. Halley was constantly making accusations about he and another woman. Several of these arguments occurred in public settings as well. Mrs. Halley contended that she was justified in making these accusations as she had found the woman’s phone number in her husband’s possession. She stated that when she made a comment concerning this woman in the presence of her husband and a group of friends, Mr. Halley became very angry and an argument ensued.
There was also testimony given at the trial concerning Mrs. Halley’s complaints that Mr. Halley would not pay for her children’s education. Mrs. Halley agreed that she was disturbed that Mr. Halley would not pay for her son’s education and that he would not pay her car note, while he would gamble with large amounts of money.
In its oral reasons for judgment, the trial court specifically noted that there were significant and serious arguments between the parties. It was noted that there were several separations of varying lengths and the subsequent reconciliations were only temporary in nature. There were disputes over living and spending habits, and marital fidelity, which permeated the marriage. The court stated that although it was apparent that Mr. Halley was at fault, Mrs. Halley’s unprovoked actions and arguments contributed to the demise of the marriage as well. The court stated that Mr. Halley’s gambling habits, of which Mrs. Halley was often a participant, were not sufficient to justify Mrs. Halley’s acting in the manner in which she did. With respect to the public disagreements, the court found both parties at fault on various occasions. The court noted further that Mrs. Halley’s statements concerning her husband, made to others, were cruel and should not have been uttered. The court also found that the evidence did not appear to justify Mrs. Halley’s accusations concerning her husband’s associations with other women. On the basis of these findings, a separation was granted on mutual fault.
The trial court correctly found fault on the part of Mrs. Halley sufficient to constitute an independent ground for separation under LSA-C.C. Art. 138 on behalf of Mr. Halley. The evidence in the record is sufficient to support this finding.
On appeal, Mrs. Halley specifically contends that Mr. Halley’s testimony was self-serving and uncorroborated in regards to the statements made before she left the marital domicile in February of 1983. It is obvious that these alleged statements occurred when the husband and wife were the only parties to the conversation and the weight to be given this testimony was determined by the trial court. In Slater v. Slater, supra, this court stated that:
Uncorroborated testimony of one spouse should not be lightly accepted but where such testimony is believable and persuasive, where the facts sought to be proved arise out of the private relationship between the spouses and are not readily subject to corroboration, and where the other spouse participates in the trial and offers no conflicting evidence, such uncorroborated testimony may constitute a preponderance of the evidence sufficient to support a judgment of separation or divorce.
431 So.2d at 906-907.
We also disagree with Mrs. Halley’s contention that her actions were all in response to the overriding fault of Mr. Halley. In Vail v. Vail, 390 So.2d 978 (La. App. 2d Cir.1980) this court stated that in a separation case a trial court may determine the fault issue as it effects a spouse’s right to claim permanent alimony after a divorce. See Guin v. Guin, 378 So.2d 1022 (La.App. 2d Cir.1979). We stated further in Vail:
The initial fault on the part of one spouse which would render further marital relations insupportable may provoke some reasonably justifiable response on the part of the other spouse. A response by the other spouse in this context, however, is not fault within the meaning of *873 CC 160 which will preclude permanent alimony. See Bruner v. Bruner, 364 So.2d 1015 (La.1978); Pearce, supra, and cases cited therein.
390 So.2d at 979.
In Adams v. Adams, 389 So.2d 381 (La.1980) the Supreme Court determined that “fault” for the purposes of permanent alimony preclusion is synonymous with the fault grounds for separation and divorce. Mrs. Halley is arguing that Mr. Halley’s initial fault caused all of her actions to be justifiable in response thereto. The record amply supports the finding of fault with respect to Mr. Halley. Mrs. Halley was allowed to produce evidence of his excessive gambling, his threats of physical violence and other actions constituting cruel treatment in order to prove that she was free from fault in her reactions to Mr. Halley. However, we find that the trial court was correct in concluding that there were instances of cruel treatment by Mrs. Halley that were sufficient to amount to independent grounds entitling Mr. Halley to obtain a judgment of separation. Her unnecessary and cruel statements, her unprovoked arguments and her complaints concerning her husband’s living and spending habits could not all be considered as reactions to instances of Mr. Halley’s fault. Her actions were of a nature which were serious enough to be “independent contributing and proximate causes of the separation.” Lester v. Lester, 446 So.2d 493, 494 (La.App. 4th Cir.1984).
Mrs. Halley’s contention that the arguments and disputes which arose in her marriage with Mr. Halley were similar to those which would occur in any marriage, is also meritless. In Loyd v. Loyd, 336 So.2d 912, 913 (La.App. 2d Cir.1976). this court stated that “Under existing Louisiana law and jurisprudence, a continued pattern of mental harassment, nagging and griping by one spouse directed to the other can constitute cruel treatment, but mutual incompatibility, fussing and bickering cannot.” It is evident from the record that Mrs. Halley’s griping and arguing was of such a serious and consistent nature that it would constitute cruel treatment and render the couple’s marital life unbearable. See Post v. Post, 376 So.2d 1275 (La.App. 2d Cir.1979).
Furthermore, Mrs. Halley’s public statements degrading her husband, while falling short of being public defamation, did contitute verbal abuse which was further support for the trial court’s finding of cruel treatment. See Lamb v. Lamb, 460 So.2d 634 (La.App. 3d Cir.1984), writ denied 462 So.2d 1249, 1250 (La.1985); Watson v. Watson, 209 So.2d 528 (La.App. 2d Cir. 1968).
The trial court did not err in its determination that Mrs. Halley was guilty of conducting herself in such a manner, publicly and otherwise, as would constitute cruel treatment towards her husband. The court’s findings are entitled to great weight and will not be disturbed on appeal. Therefore, the judgment awarding Mr. Hal-. ley a separation from bed and board is affirmed at appellant’s costs.
AFFIRMED.

. LSA-C.C. Art. 138 provides in part:
Separation from bed and board may be claimed reciprocally for the following causes:

3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable;