498 So.2d 1135 (1986)
John L. OLIVIER and Armand J. Brinkhaus, d/b/a Olivier & Brinkhaus, Plaintiffs-Appellees,
v.
Barbara COMEAUX, Defendant-Appellant.
No. 86-68.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
*1136 Barbara Comeaux, in Pro. Per.
John L. Olivier of Olivier and Brinkhaus, Sunset, for plaintiffs-appellees.
Before DOMENGEAUX, FORET and STOKER, JJ.
FORET, Judge.
Plaintiffs, John L. Olivier and Armand J. Brinkhaus, d/b/a Olivier & Brinkhaus, filed suit against defendant, Barbara Comeaux, for monies due for sums advanced by them to defendant during their representation of her in a worker's compensation claim. Defendant filed a general denial in proper person. After hearing on the merits, the trial court rendered judgment in favor of plaintiffs for $9,461.48, with legal interest from date of judicial demand. Defendant has appealed. This appeal raises the following issues:
(1) Whether defendant confessed judgment in the trial court and is, therefore, precluded from taking an appeal; and
(2) Whether the trial court erred in finding that there was an agreement by defendant to reimburse plaintiffs for sums which plaintiffs had paid for defendant's medical costs and the costs of her worker's compensation suit.

FACTS
Defendant contracted with plaintiffs' law firm to represent her in a worker's compensation suit. Defendant was not successful in her suit. During the course of litigation, plaintiffs paid the expense of litigating the suit and defendant's health care expenses. At trial, defendant admitted that plaintiffs paid the expenses but contended that the understanding between her and plaintiffs, in particular plaintiff Olivier, who actually represented her in the suit, was that she would not have to pay anything if she did not win her case. Olivier testified that he had explained to defendant that she would have to repay him the sums paid for medical expenses and court costs, regardless of the outcome of her worker's compensation case.

CONFESSION OF JUDGMENT
Plaintiffs contend that defendant confessed judgment in the trial court and is, therefore, precluded from taking this appeal. We disagree. To preclude an appeal, such confession of judgment must consist of an admission of the validity of the opponent's claim in such a way as to leave no issue to be tried. Martin v. Holzer *1137 Sheet Metal Works, Inc., 376 So.2d 500 (La.1979).
Plaintiffs have drawn our attention to a portion of defendant's testimony in the trial court. In this testimony, defendant admitted that plaintiffs had paid her medical expenses and advanced the costs of litigation. Defendant did not, however, recognize the validity of plaintiffs' claim. Defendant grounded her defense on an alleged agreement whereby plaintiffs agreed to pay all such costs, without a right to reimbursement, in exchange for a chance to share in a percentage of defendant's recovery. In this testimony, defendant also testified regarding an offer to settle the dispute:
"By Mrs. Comeaux: Your, honor, I also tried to pay Olivier off. I offered. And in return received a letter from him stating my offer of a hundred dollars ($100.00) a month was not good enough, that he would prefer a hundred and twenty-five ($125) a month."
Defendant's admission that she made an offer to settle is not an admission of the validity of plaintiffs' claim. We have examined the trial transcript and found no admission by defendant of the validity of plaintiffs' claim. Defendant is not precluded from taking this appeal.

DEFENDANT'S OBLIGATION TO REIMBURSE PLAINTIFFS
The trial court found that there was an agreement between plaintiffs and defendant that defendant would reimburse plaintiffs for litigation expenses and medical costs. The trial court clearly chose to accept the testimony of Olivier in this regard. The record supports the finding of the trial court.
Plaintiffs have asked this Court to award them damages for a frivolous appeal. Plaintiffs, however, have not appealed nor filed an answer to defendant's appeal. In order to demand damages for a frivolous appeal, an appellee must either raise the issue in an independent appeal or in answer to the appellant's appeal. LSA-C.C.P. art. 2133; Cheramie v. Vegas, 413 So.2d 1343 (La.App. 1 Cir.1982), appeal after remand, 468 So.2d 810, writ denied, 470 So.2d 122 (La.1985).
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by defendant-appellant.
AFFIRMED.