CRAIN, Judge.
Appellee, Victor Napoli, has moved to dismiss his wife’s appeal from the judgment granting appellee a divorce under Louisiana Revised Statutes Title 9, section 301 on the grounds of living separate and apart for one year. He contends his wife confessed judgment in the proceedings below and is therefore precluded from appealing the judgment under Louisiana Code of Civil Procedure article 2085.
The record on appeal has not yet been lodged with this court. In support of his motion, appellee has submitted copies of certain pleadings and a short excerpt from the transcript of the hearing on his petition for a divorce. Appellee contends appellant admitted in her answer that the parties had lived separate and apart for a period in excess of one year. However, he did not *840 submit a copy of her answer. The excerpt of appellant’s testimony reads as follows:
Q. State your name and address please?
A. Fran Napoli, 1715 Applewood.
Q. Fran, you and Vic have been separated since April 27, 1987?
A. Yes.
Q. Since that time you have not lived reconciled or lved (sic) together as man and wife?
A. No sir.
Louisiana Code of Civil Procedure article 2085 provides that an appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. To preclude an appeal, a confession of judgment must consist of an admission of the validity of the opponent’s claim in such a way as to leave no issue to be tried. Olivier v. Comeaux, 498 So.2d 1135 (La.App. 3d Cir.1986). Although appellant, while testifying, may have admitted some facts upon which appellee’s petition for divorce is based, she did not recognize the validity of his claim. See Olivier, supra. Moreover, a divorce cannot be obtained by consent, and there can be no confession of judgment. Slater v. Slater, 431 So.2d 904 (La.App. 2d Cir.1983); Perez v. Perez, 328 So.2d 411 (La.App. 4th Cir.1976). Consequently, appellant is entitled to proceed with her appeal. See Slater, supra; Perez, supra.
Appellee also argues his wife appealed the judgment only to continue receiving alimony pendente lite pending the appeal. For that reason, he seeks damages for a frivolous appeal. However, such damages cannot be claimed in a motion to dismiss an appeal but only in an answer to the appeal. Bush Const. Co., Inc. v. Carr, 512 So.2d 493 (La.App. 1st Cir.1987), writ denied, 514 So.2d 1175 (La.1987).
MOTION DENIED.